■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR ROGERS, Appellant▮

Defendant's sole argument on appeal is that his conviction should be set aside based upon the prosecutor's failure to obtain an advance ruling from the court on the admissibility of certain testimony elicited on redirect examination of a key prosecution witness which allegedly disparaged defense counsel. Defendant did not object to the testimony on that ground at the time of trial and, thus, has not preserved that issue for appellate review.

In any event, even if we were to address the issue, we would find that defendant's argument lacks merit. The extent of redirect examination is, for the most part, governed by the sound discretion of the trial court (People v Melendez, 55 NY2d 445, 451). Where, as here, the opposing party "opens the door" and brings out on cross-examination apparent inconsistencies or contradictions in a witness's statements or acts to discredit his testimony, a party has the right on redirect to rehabilitate that witness by explaining to the jury the relevant surrounding circumstances (People v Melendez, supra). Here, defense counsel opened the door to that line of questioning and put her own credibility into question by interviewing the witness and cross-examining him about the statement that she took from him. Since that statement was inconsistent with the witness's direct testimony, the trial court properly permitted the prosecutor, on redirect examination, to explore the circumstances surrounding the making of the statement in an attempt to rehabilitate the witness. (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Possession Stolen Property, 3rd Degree.) Present—Denman, P. J., Callahan, Boomer, Lawton and Davis, JJ.