OPINION OF THE COURT
Bellacosa, J.
Defendant was convicted, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree. The jury concluded that defendant shot and killed a participant in a street fight. The Appellate Division affirmed and a Judge of this Court granted defendant leave to appeal. The single, dispositive question is whether a trial witness, named Gray, made a "previous! ] identification]” within the pretrial notice requirement of CPL 710.30.
The People notified defendant in timely compliance with CPL 710.30 of their intent to offer testimony at trial from a witness, named Lili, who had previously identified defendant as the shooter. A Wade hearing followed and the People produced evidence with respect to that eyewitness (United States v Wade, 388 US 218). On the day of trial, the People announced their intention to call a new identifying witness, Gray, with respect to whom no CPL 710.30 (1) pretrial notice had been given. Only the latter witness’ identification is at issue, and contrary to the contention in the dissenting opinion, there was never, up to that point, any previous identification of defendant by Gray.
Over defendant’s objection, the trial court conducted a *587 second Wade hearing, concentrating solely on Gray’s potential testimony at trial. A brief colloquy, recorded on the record prior to the hearing, demonstrates that Gray had made no prior identification of defendant. Specifically, the People stated that “[Gray] may be able to pick the person out. He also may not. He doesn’t say he knows who Mr. Trammel is. * * * When he is asked in court and if he looks around the room, that’s going to be the time whether we know he can pick out Mr. Trammel.” Defense counsel also asserted that Gray "indicated he could not identify anyone”. At this point, the hearing court stated that “the purpose of our Wade hearing today is * * * to make an in-court identification.”
At the second Wade hearing held immediately prior to jury selection, the “unnoticed” witness Gray testified that on the night of the homicide he went to the police station and viewed 79 computerized pictures. When asked if he was able to identify defendant, the witness answered, “[n]ot that night”. Two days after the murder, the witness was again asked to try to identify defendant. He testified, “I couldn’t make a positive [identification]” and "I didn’t want to send an innocent man to jail”. On cross-examination by defendant’s counsel, the witness confirmed that he “couldn’t identify anyone”. A police investigator confirmed these assertions which demonstrate that the investigation was unsuccessful in getting Gray to identify defendant. The record therefore confirms that Gray did not make a "previous[ ] identification],” the precise and plain triggering predicate for the notification procedure to be operative (CPL 710.30 [1]).
Following the hearing, the court found that "[t]here were no suggestive statements, nor any suggestive actions communicated by the police,” and permitted witness Gray to identify defendant at trial. Defendant contends that Gray’s identification testimony should have been precluded because of failure of the People to provide a CPL 710.30 notice as to that witness.
CPL 710.30 (1) requires notice of the People’s intent to offer "testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him [defendant] as such” (emphasis added; People v Newball, 76 NY2d 587, 590; People v White, 73 NY2d 468, 473, cert denied 493 US 859). We conclude that, based on the record in this case, the witness *588 Gray had not "previously identified [defendant] as such” within the meaning of the pretrial notice requirement.
To treat nonidentification results, under circumstances such as occurred here, as mandating 710.30 notifications would inappropriately and needlessly extend the reach and purport of the statute (compare, People v White, 73 NY2d 468, 474, cert denied 493 US 859, supra). In White, the Court refused to extend the reach of CPL 710.30, stating:
” Although a literal interpretation of the language of CPL 710.30 might suggest that an in-court identification at a Wade hearing or a previous trial constitutes a 'previous identification’, and thus should be covered by its provisions, there is no suggestion in the legislative history or in the background surrounding the statute that it was intended to cover previous in-court identifications” (id., at 474).
The record also allows for no possibility of pretextuality, disingenuity or negligence on the part of the People in failing to give the customary, required notification. None was required. The People were thus under no obligation, in these circumstances, to provide defendant with notice pursuant to CPL 710.30 (1) as to witness Gray because, in addition to there being no previous identification, the People did not intend to call Gray as a witness. Even if we were to treat the police efforts to get witness Gray to make an identification during the early investigation stage as ambiguous, the record supports the conclusion that the prosecutor had no intent to call Gray, precisely because of the tenuous to nonexistent evidentiary nature of the early efforts at identification. Inasmuch as the requirement to give a 710.30 notice as to this individual did not arise within the statutory time limit, there is no occasion to address the statutory good cause exception, the focus of the dissenting opinion (CPL 710.30 [2]).
In any event, when circumstances later developed, as the trial was about to begin, that witness Gray would at that point be willing and able to identify the defendant and would be called by the People to testify, all appropriate procedural safeguards, including a second Wade hearing, were afforded to defendant (see, CPL 710.30 [2]; cf., People v O’Doherty, 70 NY2d 479).
We have considered defendant’s remaining contentions and conclude that they are without merit.
*589 Accordingly, the order of the Appellate Division should be affirmed.