■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRY BERNARD, Appellant. [625 NYS2d 67] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered July 28, 1992, convicting him of attempted murder in the second degree, attempted assault in the first degree, robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in

the third degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 7 to 14 years imprisonment for attempted murder in the second degree, 2⅓ to 7 years for attempted assault in the first degree, 5 to 15 years for each count of robbery in the first degree and robbery in the second degree, 2⅓ to 7 years for criminal possession of a weapon in the second degree, and 1 to 3 years for criminal possession of a weapon in the third degree.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed for attempted murder in the second degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

On April 19, 1991, at approximately 10:00 P.M., the defendant and an unapprehended accomplice, each armed, entered the Jamaican Food Restaurant at 1135 Flatbush Avenue in Brooklyn. The defendant held a gun to the head of the cashier and demanded money. When the cashier responded that she did not know where the money was, the defendant pointed the gun at the chef and again demanded money. The chef placed money from the register into a bag at the defendant's command. A struggle ensued between the defendant and the chef, and the chef knocked the gun from the defendant's hand. The defendant then called to his accomplice, who was guarding the door, and told him to kill the chef. The accomplice fired a shot at the chef, but the chef escaped uninjured. The defendant and the unapprehended accomplice fled, leaving the bag of money inside the restaurant.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the court properly admitted into evidence the testimony of a police officer in order to clarify the time of the arrest of the defendant. It is well settled that where the opposing party opens the door on cross-examination, raising apparent inconsistencies to discredit the testimony of a witness, the other party, in this case the People, on redirect may clarify and reconcile the apparent inconsistencies by informing the jury of the relevant surrounding circumstances *(see, People v Melendez,* 55 NY2d 445, 451).

The court erred, however, in imposing a minimum term of imprisonment that was one-half of the maximum term upon the defendant's conviction of attempted murder in the second degree. The crime is not an armed felony offense by definition and the defendant was a first felony offender (see, Penal Law § 70.02 [4]; §§ 110.00, 125.25; CPL 1.20; *People v King,* 155 AD2d 480). Accordingly, we remit this count to Supreme Court for resentencing on the attempted murder count.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., O'Brien, Krausman and Florio, JJ., concur.