■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HOLTON, Appellant. (Appeal No. 2.) [640 NYS2d 708] Memorandum: Supreme Court did not abuse its discretion in denying defendant's motion for a mistrial when the testimony of a prosecution witness exceeded the scope of the court's *Ventimiglia* ruling. The record does not support defendant's allegation that the prosecutor purposefully elicited the objectionable testimony; rather, the record shows that the witness volunteered information and that her answers were largely unresponsive. Moreover, the court sustained defense objections to the testimony and gave prompt curative instructions to the jurors that the answers were stricken and should be disregarded. Under those circumstances, reversal is not required (*see, People v Mosley,* 170 AD2d 990, 991, *lv denied* 77 NY2d 964; *cf., People v Hammock,* 182 AD2d 1114).

The court did not err in denying defendant's motion to preclude the identification testimony of the robbery victim on the ground that the People failed to serve a CPL 710.30 notice. A CPL 710.30 notice was not required; the victim failed to identify defendant at a showup, indicating only that some of the clothing worn by defendant and his height resembled that of the robber (*see, People v Trammel,* 84 NY2d 584, 588; *People v Rohan,* 214 AD2d 755, *lv denied* 86 NY2d 740). We conclude that the showup was justified by the exigencies of the situation and that defendant's suppression motion was properly denied (*see, People v Maybell,* 198 AD2d 108, *lv denied* 82 NY2d 927; *People v White,* 185 AD2d 472, 473, *lv denied* 80 NY2d 935; *People v West,* 128 AD2d 570, *lv denied* 70 NY2d 658; *cf., People v Walker,* 198 AD2d 826, 827-828). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Robbery, 2nd Degree.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.