■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR PAGAN, Appellant. [670 NYS2d 831] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered November 9, 1994, convicting defendant, after a jury trial, of three counts of murder in the second degree, one count of attempted murder in the second degree, and one count of robbery in the first degree, and sentencing him to three terms of imprisonment of 25 years to life and one term of $8^{1}/_3$ to 25 years, to run consecutively to each other, and a concurrent term of 10 to 20 years, unanimously affirmed.

Since defendant's preclusion motion was based on a completely different ground, his present claim that the court should have precluded the in-court identification of an eyewitness for lack of notice pursuant to CPL 710.30 (1) (b) is unpreserved for appellate review as a matter of law, and we decline to review it in the interest of justice. If we were to review defendant's claim, we would find it to be without merit since under the circumstances of this case, the People were not required to give CPL 710.30 notice. First, the creation of a composite sketch by a police sketch artist from the eyewitness's description of the shooter did not constitute an identification requiring CPL 710.30 notice. Further, the fact that the witness was shown a photo array prior to defendant's arrest did not trigger the notice requirement since the witness failed to actually identify defendant from the photo array, or for that matter, at any time prior to trial (*see, People v Trammel*, 84 NY2d 584; *People v*

*Holton*, 225 AD2d 1021, *lv denied* 88 NY2d 986). The People's expression of "hope" that the witness could nevertheless identify defendant in court did not implicate the notice requirement.

We reject defendant's argument that he was deprived of his right to be present at all material stages of the trial when the court and counsel questioned an eyewitness in defendant's absence, to determine if the police had done anything suggestive to lead him to identify defendant by name, and then called individual jurors into the robing room one by one so the court could ascertain each juror's ability to follow an instruction already given in open court and to continue to be an impartial juror. Defendant had no fundamental right to be present during the proceedings at issue since the questioning of the eyewitness was solely for the purpose of determining defense counsel's motion for a mistrial, a legal, not an evidentiary, matter, as to which defendant's presence could not have afforded him any meaningful opportunity to affect the outcome (*see, People v Ferguson*, 67 NY2d 383, 389-390). Defendant's presence was, likewise, not required during the court's conference with each juror, since the court did not give the jurors the type of instructions that required his presence (*see, People v Harris*, 76 NY2d 810, 812). Moreover, the specific instruction at issue had already been given by the court in defendant's presence. Concur—Ellerin, J. P., Wallach, Tom and Mazzarelli, JJ.