■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JACKSON, Appellant. [678 NYS2d 757] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal sale of a controlled

substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third and seventh degrees (Penal Law § 220.16 [1]; § 220.03). Defendant was not denied his constitutional right to effective assistance of counsel. The evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant was afforded meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147).

There is no merit to the contention of defendant that his due process rights were violated when County Court permitted an investigator who was an eyewitness to the drug sale to make an in-court identification of defendant. The investigator never made a pretrial identification of defendant, and thus her in-court identification was outside the purview of CPL 710.30 (*see, People v Trottie,* 167 AD2d 438, *lv denied* 77 NY2d 844; *see generally, People v Trammel,* 84 NY2d 584). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Brandt, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Lawton, Pigott, Jr., Callahan and Boehm, JJ.