OPINION OF THE COURT
Frank P. Geraci, Jr., J.
The defendant, Moses Williams, is charged with two counts *660 of robbery in the first degree and three counts of grand larceny in the fourth degree. The two separate incidents joined in one indictment are the subject of a jury trial.
During the testimony of one of the complainants, Marti Cuvelier, the defense objected to the anticipated in-court identification by the witness. The defendant argued that any in-court identification should be precluded due to the prosecution’s failure to provide a CPL 710.30 notice regarding a prior identification by the witness. All parties agreed that the witness viewed a photo array 10 days after the alleged incident and selected two photos, one of which was a photo of the defendant.
The prosecution contended that there was no identification requiring notice because the witness selected two photographs, not just the defendant’s. Furthermore, the prosecutor stated that he was unsure whether or not the witness would be able to make an in-court identification of the defendant as the individual who forcibly stole property from her. Outside the presence of the jury, the court allowed the prosecutor to ask the witness if the person who allegedly robbed her was present in the courtroom. The witness pointed to the defendant, Moses Williams.
Defense counsel indicated that he was not arguing for suppression but rather was making a motion for preclusion. The court immediately held a hearing on the issue of preclusion of the in-court identification. The only issue, therefore, before the court was whether or not the witness’ pretrial selection of two photos, one of which was the defendant, required a CPL 710.30 notice.
Based upon the testimony of the witness Marti Cuvelier, the court makes the following findings of fact:
On June 30, 1998, Rochester Police Investigator Richard Fantanza displayed a photo array containing six photographs to the witness Marti Cuvelier. The procedure was conducted at the home of the witness 10 days after the alleged incident. The investigator asked Ms. Cuvelier to view the array and advise him if she recognized any of the individuals depicted. The witness selected photos numbered two, three, and six. She subsequently narrowed her selection to photos three and six. Ms. Cuvelier stated that it was one of the individuals depicted in photos three or six that committed the crime against her. One of the two selected photos was of the defendant, Moses Williams.
The issue before the court is whether or not the witness’ selection of two photographs, one which included the defen *661 dant, was a prior identification triggering the notice requirement ofCPL 7Í0.30 (1) (b). CPL 710.30 (1) (b) provides: “Whenever the people intend to offer at a trial * * * (b) testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him as such, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered.” Unquestionably, this section requires that the People give the defendant notice of prospective testimony regarding a pretrial identification of the defendant.
In reliance on People v Holton (225 AD2d 1021) and People v Pagan (248 AD2d 325), the prosecution posits that the failure of the witness to narrow her selection to one photo resulted in there being no identification by the witness and, therefore, no need for a CPL 710.30 notice. This court disagrees. Reliance upon those cases is misplaced. Unlike the instant case, those cases involved situations wherein the witness failed to actually identify the defendant from a photo array or a showup.
This case is also distinguishable from People v Trammel (84 NY2d 584). In People v Trammel, the majority of the Court held that no notice is required where the witness has made no previous identification of the defendant and would be identifying the defendant for the first time at trial.* The Court also determined that in addition to being under no obligation to provide the notice to the defendant pursuant to CPL 710.30 (1), the People did not intend, at the outset, to call the witness to testify at trial.
However, unlike People v Trammel (supra), significant in this case is the fact that the witness actually selected defendant’s photograph from the photo array along with the photo of another person as the perpetrator of the crime against her. Moreover, there is no doubt that from the outset the prosecutor not only intended but needed to call Ms. Cuvelier, the complainant, to testify against the defendant at trial.
The fact that the witness was equivocal in her identification does not negate the fact that she selected a photo of this defendant. This identification triggered the necessity for a CPL 710.30 notice so that the issues surrounding that identification procedure could be fully tested at a pretrial hearing. Only with *662 a hearing could the defendant be assured that the in-court identification was not suggested by the pretrial identification procedure. Further, a pretrial hearing could establish, if necessary, whether or not there was an independent basis for the witness’ identification.
Avoiding misidentification and assuring reliability of in-court identifications are the fundamental principles underlying this entire area of law. The court cannot ignore the fact that at the time of the in-court identification the defendant was the only young, black male in the courtroom, he was the only individual previously depicted in the photo array and the witness only provided a general description of the suspect prior to her in-court identification. During her trial testimony, the witness stated that she glanced at the face of the person who forcibly stole her vehicle. Furthermore, the record is devoid of any circumstances which caused this witness, once hesitant in her identification, to now be in a position, to point out the defendant as the perpetrator of the crime committed against her.
The notice and hearing requirements of CPL 710.30 were established to allow a pretrial review of the out-of-court identification procedures in order to prevent a tainted in-court identification. The defendant was not afforded the opportunity to test the effects of the out-of-court identification procedure in this case because the People elected not to provide the notice that would provide the basis for the defendant to request a hearing.
In People v Trammel (supra), the Court of Appeals noted that the lower court delayed the start of the trial to afford the defendant a Wade hearing on the issue of the unnoticed witness’ potential testimony at trial. Conducting such a hearing in this case, however, would be inappropriate based upon the fact that the defendant has not moved for suppression, but rather elected the remedy of preclusion (People v Kirkland, 89 NY2d 903).
Based upon the People’s failure to provide a notice of the out-of-court identification procedure conducted in this case, the motion to preclude the in-court identification of the witness Marti Cuvelier is hereby granted.

 In a strongly worded dissent, Chief Judge Kaye found upon a slightly expanded version of the witness’s testimony at the Wade hearing that a prior identification had indeed occurred, thereby triggering the required notice under CPL 710.30.