■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM M. JEROLD, Appellant. [719 NYS2d 418] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion to suppress the identification testimony of the victim's wife. The People met their initial burden of establishing that the conduct of the police was reasonable and that the photo array was not unduly suggestive, and defendant failed to meet his "ultimate burden of proving that the procedure was unduly suggestive" (*People v Chipp,* 75 NY2d 327, 335, *cert denied* 498 US 833; *see, People v Lee,* 207 AD2d 953, *lv denied* 85 NY2d 864). "[G]iven that defendant had already been identified" by the witness, the fact that she subsequently viewed the photo array and another photograph of defendant prior to testifying constituted proper trial preparation and did not taint her in-court identification of defendant (*People v Morales,* 248 AD2d 173, *lv denied* 92 NY2d 857, citing *People v Herner,* 85 NY2d 877). In any event, there was an independent basis for the in-court identification (*see, People v Chipp, supra,* at 335).

The conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Oneida County Court, Dwyer, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Green, Pine, Kehoe and Balio, JJ.