THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEROME MCCULLOUGH, Appellant. (Appeal No. 1.) [718 NYS2d 526] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts of murder in the second degree (Penal Law §§ 20.00, 125.25 [1], [3]) and three counts of robbery in the first degree (Penal Law §§ 20.00, 160.15 [1], [2], [4]). We reject defendant's contention that County Court erred in permitting three eyewitnesses to identify defendant at trial. One witness participated in a pretrial identification procedure consisting of a photo array. "[T]he viewer's attention is not drawn to defendant's photo in such a way as to indicate that the police were urging a particular selection" (*People v Rogers*, 245 AD2d 1041; *see, People v Jerold*, 278 AD2d 804 [decided herewith]; *People v Burke*, 251 AD2d 424, *lv denied* 92 NY2d 894), and defendant failed to meet his ultimate burden of establishing that the photo array was un-

duly suggestive (*see, People v Chipp*, 75 NY2d 327, 335, *cert denied* 498 US 833). In a hearing conducted outside the presence of the jury, the other two eyewitnesses alleged that they had participated in a pretrial identification procedure for which no CPL 710.30 notice had been given. The court concluded that the two witnesses had not participated in a pretrial identification procedure with respect to this defendant. We see no reason to disturb the court's determination, which rested on the credibility of the witnesses and thus is entitled to great weight (*see generally, People v Prochilo*, 41 NY2d 759, 761). Because those witnesses did not participate in a pretrial identification procedure, no CPL 710.30 notice was required (*see, People v Trammel*, 84 NY2d 584, 587-588; *People v Jackson*, 254 AD2d 779, *lv denied* 92 NY2d 1033). Defendant failed to preserve for our review his contention that the court erred in allowing the prosecution to introduce evidence of oral statements that were not contained in the CPL 710.30 notice (*see, People v Drummond*, 188 AD2d 312, 312-313, *lv denied* 81 NY2d 884). In any event, that contention lacks merit because a CPL 710.30 notice is not required where the prosecution uses a defendant's statements solely for impeachment purposes (*see, People v Skinner*, 251 AD2d 1013, 1014, *lv denied* 92 NY2d 930, 1038; *People v Sanzotta*, 191 AD2d 1032).

Contrary to defendant's contention, the court did not abuse its discretion in admitting a photograph of the victim in evidence. The photograph was relevant to issues of causation and intent (*see, People v Pobliner*, 32 NY2d 356, 369, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905). The court also did not abuse its discretion in denying defendant's request to have the jury view the crime scene (*see, People v Jackson*, 39 NY2d 64, 68; *see also, People v Young*, 225 AD2d 1066, 1067, *lv denied* 88 NY2d 1026). Photographs were admitted in evidence and sufficiently depicted the crime scene.

Defendant contends that the court erred in precluding the hearsay statement of a codefendant. We disagree. Contrary to defendant's contention, that statement did not constitute a declaration against penal interest. There was no evidence that the codefendant was aware that the statement was against his penal interest when the statement was made (*see, People v Thomas*, 68 NY2d 194, 197, *cert denied* 480 US 948; *see also, People v Settles*, 46 NY2d 154, 167-168). Defendant's request that the jury be charged with the lesser included offense of attempted robbery was properly denied because, under the facts of this case, the jury would have to resort to "sheer speculation" to determine that defendant and his codefendants at-

tempted to rob the victim but did not take any property (*People v Bracey,* 41 NY2d 296, 302, *rearg denied* 41 NY2d 1010; *see, People v Clarke,* 233 AD2d 831, 832, *lv denied* 89 NY2d 1010, 90 NY2d 856).

We also reject defendant's contention that the court erred in limiting the cross-examination of prosecution witnesses. "The extent to which disparaging questions, not relevant to the issues, but bearing on the credibility of a witness, may be put upon cross-examination is discretionary with the trial court and its rulings are not subject to review, unless it clearly appears that the discretion has been abused" (*People v Duffy,* 36 NY2d 258, 262-263, *mot to amend remittitur granted* 36 NY2d 857, *cert denied* 423 US 861; *see, People v Rivera,* 256 AD2d 1098, 1099, *lv denied* 93 NY2d 977; *People v Frazier,* 233 AD2d 896, 897). Defense counsel's questioning on cross-examination was at times repetitive and collateral to the issues at trial and thus the court did not abuse its discretion in limiting that questioning.

The court erred, however, in limiting the scope of defendant's direct examination by refusing to allow defendant to respond to a question concerning "what thoughts were running through [defendant's] mind" at the time the victim was shot by a codefendant. That question was proper because, "where an actor's state of mind is a material issue, the actor is allowed to testify concerning such issue" (*People v Rivera,* 101 AD2d 981, 982, *affd* 65 NY2d 661). Defendant was convicted of intentional murder as an accomplice, and thus the jury had to find that he acted "with the mental culpability required for the commission" of that offense (Penal Law § 20.00; *see, People v Flayhart,* 72 NY2d 737, 741). We conclude, however, that the error is harmless (*see, People v Crimmins,* 36 NY2d 230, 240-241). The jury was otherwise informed, through defendant's written statement and testimony, that defendant claimed to be an innocent bystander who did not share the intent of his codefendants.

The court properly permitted a prosecution witness to testify that she had been intimidated by the friend of a codefendant. Defendant opened the door to that testimony by questioning the witness with respect to an inconsistent statement, and the prosecution had "the right on redirect to rehabilitate that witness by explaining to the jury the relevant surrounding circumstances" (*People v Rogers,* 179 AD2d 1014, 1015, *lv denied* 79 NY2d 1007; *see, People v Russell,* 179 AD2d 521, 522, *lv denied* 79 NY2d 952).

The conviction is supported by legally sufficient evidence and

the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Based on the evidence, the law, and the circumstances of this case, we conclude that defendant received effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147). The sentence is neither unduly harsh nor severe. Based on our resolution of the issues, there is no basis to disturb defendant's conviction on an unrelated charge, which was induced by a promise of concurrent sentences (*cf., People v Fuggazzatto*, 62 NY2d 862). (Appeal from Judgment of Monroe County Court, Maloy, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Hayes and Scudder, JJ.