■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEROME McCULLOUGH, Appellant. (Appeal No. 2.) [718 NYS2d 923] —Judgment unanimously affirmed. Same Memorandum as in *People v McCullough* (278 AD2d 915 [decided herewith]). (Appeal from Judgment of Monroe County Court, Maloy, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Hayes and Scudder, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DELIO, Appellant. [718 NYS2d 681] —Judgment unanimously affirmed. Memorandum: By failing to move to withdraw his guilty plea or to vacate the judgment of conviction, defendant failed to preserve for our review his contention that he did not knowingly, intelligently and voluntarily enter his guilty plea (*see, People v Toxey*, 86 NY2d 725, 726, *rearg denied* 86 NY2d 839; *People v Lopez*, 71 NY2d 662, 665). This is not one of those rare cases in which the statements of defendant cast significant doubt on his guilt or otherwise call into question the voluntariness of the plea (*see, People v Toxey, supra,* at 726; *People v Lopez, supra,* at 666). Defendant received meaningful representation (*see, People v Ford,* 86 NY2d 397, 404; *People v Hudson,* 237 AD2d 759, 760, *lv denied* 90 NY2d 1012), and the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Green, J. P., Pine, Hayes and Scudder, JJ.