■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON HARRISON, Appellant. [733 NYS2d 217] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Barbaro, J.), rendered March 1, 2000, convicting him of murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly modified its Ventimiglia ruling (*People v Ventimiglia,* 52 NY2d 350) to permit the prosecutor to elicit testimony from the defendant's former girlfriend concerning the domestic abuse she suffered while living with him. The record reveals that the court repeatedly warned the defense counsel not to elicit any of the reasons why the defendant's relationship with his former girlfriend had ended. Despite these warnings, defense counsel immediately opened the door to the disputed testimony by suggesting, in his opening statement, that the defendant's former girlfriend had come forward with evidence against him because she was upset at his infidelity, and was exacting revenge by lying. Under these circumstances, the Supreme Court properly permitted the prosecutor to present evidence of the domestic violence to explain why the defendant's former girlfriend did not immediately contact the police when she learned of his involvement in the shooting, and to refute the defense counsel's attack on her credibility (*see, People v Melendez,* 55 NY2d 445, 451-452; *People v Bernard,* 214 AD2d 576, 577; *People v Rogers,* 179 AD2d 1014, 1015; *see also, People v Regina,* 19 NY2d 65, 78).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Krausman, J. P., S. Miller, Smith and Crane, JJ., concur.