THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD THOMAS, Appellant. [875 NYS2d 372]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered February 9, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the third degree (§ 265.02 [former (1)]), defendant contends that County Court erred in denying his motion to dismiss the indictment on the ground that he was denied the right to testify before the grand jury pursuant to CPL 190.50 (5) (a). We reject that contention. Such a motion "must be made not more than five days after the defendant has been arraigned upon the indictment" (CPL 190.50 [5] [c]; *see People v Boodrow*, 42 AD3d 582, 583-584 [2007]; *People v Bourdon*, 255 AD2d 619, 620 [1998], *lv denied* 92 NY2d 1028 [1998]) and, here, the motion was made over three months after defendant's arraignment.

We reject defendant's further contention that the court erred in allowing a witness to make an in-court identification of defendant in the absence of a CPL 710.30 notice or a hearing with respect to the pretrial identification procedure. Such a notice is required only when there has been a pretrial identification (*see* CPL 710.30 [1] [b]), and the witness in question was unable to identify defendant at the pretrial identification procedure (*see People v Trammel*, 84 NY2d 584, 587-588 [1994]; *see also People v Pagan*, 248 AD2d 325, 325-326 [1998], *affd* 93 NY2d 891 [1999]). In any event, any alleged error is harmless inasmuch as identification was not at issue in the trial.

Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury was entitled to credit the testimony of the prosecution witnesses with respect to the events that preceded the shooting (*see generally id.*). Defendant failed to preserve for our review his contention that the court penalized him for exercising his right to a trial by imposing a harsher sentence than that included in the pretrial plea offer (*see People v Griffin*, 48 AD3d

1233, 1236-1237 [2008], *lv denied* 10 NY3d 840 [2008]; *People v Tannis*, 36 AD3d 635 [2007], *lv denied* 8 NY3d 927 [2007]). In any event, that contention is without merit. " '[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial' " (*People v Chappelle*, 14 AD3d 728, 729 [2005], *lv denied* 5 NY3d 786 [2005]), and there is no evidence in the record that the sentencing court was vindictive (*see Tannis*, 36 AD3d 635 [2007]). The sentence is not unduly harsh or severe.

The contention of defendant in his pro se supplemental brief concerning the alleged denial of effective assistance of counsel involves matters outside the record on appeal and thus is not reviewable on direct appeal (*see People v Martina*, 48 AD3d 1271, 1272-1273 [2008], *lv denied* 10 NY3d 961 [2008]; *People v Prince*, 5 AD3d 1098, 1098-1099 [2004], *lv denied* 2 NY3d 804 [2004]). Defendant failed to preserve for our review the contentions in his pro se supplemental brief with respect to the People's alleged violation of CPL 190.50 (*see generally People v Weis*, 56 AD3d 900, 901 n [2008]), and with respect to his sentence as a persistent violent felony offender (*see People v Samms*, 95 NY2d 52, 57 [2000]; *People v Smith*, 73 NY2d 961 [1989]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Martoche, J.P., Fahey, Green, Pine and Gorski, JJ.