■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK BROWN, Appellant. [32 NYS3d 591]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered April 19, 2013, convicting him of course of sexual conduct against a child in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged, inter alia, with engaging in a course of sexual conduct with the complainant, who was the daughter of his former girlfriend. The alleged course of sexual conduct occurred between 2002 and 2007, when he resided with the complainant, who during those years was between the ages of 8 and 13, and her mother. Prior to trial, the Supreme Court made a ruling which, among other things, precluded the People from inquiring about an incident in 2007 wherein the defendant allegedly made a sexual advance towards the complainant's cousin, who was approximately 13 years old, and which allegedly resulted in the defendant being "kicked out" of the house by the complainant's mother. However, this ruling was modified during the trial. The jury convicted the defendant of course of sexual conduct against a child in the second degree. We affirm.

Contrary to the defendant's contention, the Supreme Court did not err in granting the People's application to modify its pretrial ruling made pursuant to *People v Molineux* (168 NY 264 [1901]). During direct examination, the defendant testified that the complainant's mother threw him out of the house when she learned of his sexual relationships with other women. This testimony, coupled with defense counsel's subsequent confirmation to the court that he would be arguing, in part, that the complainant, acting in concert with her mother, was motivated by jealousy to fabricate the allegations against the defendant, opened the door to the previously precluded inquiry (*see People v Mateo*, 2 NY3d 383, 428-429 [2004]; *People v Harrison*, 288 AD2d 396 [2001]; *People v Respass*, 213 AD2d 430, 430 [1995]). The People were thus entitled to question the defendant on cross-examination regarding his inappropriate conduct toward the complainant's cousin (*see People v Fardan*, 82 NY2d 638, 646 [1993]; *People v Perez*, 120 AD3d 514 [2014]). Balkin, J.P., Dickerson, Sgroi and Maltese, JJ., concur.