■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH PEDREIRA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered December 3, 1985, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress oral and videotaped statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

At a pretrial suppression hearing, it was established that on May 7, 1983, the defendant was employed as a "bouncer" at a Queens tavern. Sometime that evening, the tavern owner ordered the defendant to eject an unruly, intoxicated patron who was abusing other patrons at the bar. The defendant ejected this patron who nevertheless returned and began throwing bottles at the tavern windows. The defendant exited the tavern and was observed by a number of witnesses running after the patron and then returning shortly thereafter. Upon his return to the tavern, the defendant stated to the tavern owner that he "had some trouble with that guy". Some

15 to 20 minutes later the patron, Ivan Urrea, was discovered near the tavern lying in the street with multiple stab wounds of which he ultimately died.

When, some months later, the defendant was approached by two police officers who informed him that they were investigating the Urrea case, the defendant responded to their inquiry by stating, "I figured you'd be looking for me". One of the officers then asked the defendant if he would agree to accompany him to the police station, to which the defendant replied that he would. Without being handcuffed or restrained in any way, the defendant was transported to the police station where, after *Miranda* warnings were administered, he made a statement in which he admitted fighting and slashing the victim with a knife.

The defendant subsequently sought the suppression of certain of his statements. The hearing court denied the defendant's motion, determining that the police possessed probable cause to make his arrest.

On appeal, the defendant argues, *inter alia*, that the police lacked probable cause for his arrest. He also contends, relying on *People v Dodt* (61 NY2d 408; *see also, People v Nieves,* 67 NY2d 125; *People v Johnson,* 64 NY2d 617), that the People are foreclosed from relying upon a consent theory inasmuch as the prosecutrix did not advance this theory in her closing argument at the suppression hearing. The People respond by arguing, *inter alia*, that the police possessed probable cause to effect the defendant's arrest even absent consent. We agree with the People.

It is well settled that a police officer may arrest a person without a warrant when he has probable cause to believe that such person has committed a crime *(see, People v Johnson,* 66 NY2d 398, 402). Probable cause requires the existence of facts and circumstances which when viewed together would lead a reasonable person possessing the expertise of the arresting officer to conclude that an offense has been or is being committed *(see, People v Bigelow,* 66 NY2d 417; *People v McRay,* 51 NY2d 594). A finding of probable cause does not, however, require the same quantum of proof necessary to warrant a conviction *(see, People v Bigelow, supra,* at 423; *People v McRay, supra,* at 602; *People v Miner,* 42 NY2d 937, 938).

When the facts in this case are viewed within the context of the foregoing criteria, it is evident that the police possessed probable cause to believe the defendant had committed the crime in question. The defendant, having previously con-

fronted and ejected the victim from the tavern, subsequently became engaged in yet another confrontation with him when he returned and began throwing bottles at the tavern window. In response, the defendant exited the tavern and was observed by witnesses chasing the victim down the street. Upon returning to the tavern the defendant—who later told the police that he "figured" they would be looking for him—informed the tavern owner that he "had some trouble with that guy". Some 15 to 20 minutes later the victim's body was discovered within close proximity of the tavern towards the direction in which the defendant was seen running. When all the evidence is considered, the hearing court properly determined that the defendant's arrest was supported by probable cause.

We note that although the prosecutrix did not address the issue of consent in her closing argument, thus foreclosing the People from reliance upon this theory on appeal (see, People v Nieves, 67 NY2d 125, supra; People v Johnson, 66 NY2d 398, supra; People v Dodt, 61 NY2d 408, supra), the People nevertheless fully elicited the circumstances surrounding the defendant's agreement to accompany the officers voluntarily to the police station, thereby placing the defendant on notice that the issue was one implicated by the proof adduced at the hearing (cf., People v Nieves, supra, at 135-136). Moreover, the hearing court itself specifically determined as a matter of fact that the defendant had agreed to accompany the officers, a finding which is amply supported by the record and with which the defendant takes no issue on appeal.

We have reviewed the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be without merit. Mollen, P. J., Brown, Rubin and Kooper, JJ., concur.