■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS CESPEDES and ARMANDO MORENO, Appellants.—Consol-

idated appeals (1) by the defendant Carlos M. Cespedes from a judgment of the County Court, Westchester County (Cowhey, J.), rendered March 20, 1985, convicting him of attempted murder in the second degree (two counts), assault in the first degree, sodomy in the first degree, aggravated sexual abuse, sexual abuse in the first degree, criminal possession of a weapon in the second degree (two counts), assault in the second degree and rape in the first degree, and (2) by the defendant Armando Moreno from a judgment of the same court, also convicting him of attempted murder in the second degree (two counts), assault in the first degree, sodomy in the first degree, aggravated sexual abuse, sexual abuse in the first degree, criminal possession of a weapon in the second degree (two counts), assault in the second degree, rape in the first degree (two counts), and robbery in the first degree, upon a jury verdict, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendants' omnibus motions which were to suppress identification testimony and physical evidence.

Ordered that the judgments are affirmed.

The proof adduced at trial established that on January 11, 1984, the defendants Cespedes and Moreno sodomized, raped and shot two women in a Yonkers apartment. Although both women survived, one of the victims was permanently blinded as a result of having sustained a gunshot wound to the head. A warrant was subsequently issued for the arrest of the defendant Cespedes, who was known to both of the victims. Thereafter, the police surveilled Cespedes' neighborhood and spotted him in a gray Cadillac pulling into a parking lot. As a detective approached the Cadillac in order to detain Cespedes, he observed a man hiding in the rear seat of the car whose appearance matched the description of the second assailant as provided by the victims. Both men were placed under arrest and were subsequently identified as the perpetrators by one of the victims. Those branches of the defendants' motions which were to suppress identification testimony and physical evidence were denied and both men were found guilty by a jury, *inter alia,* of attempted murder, sodomy in the first degree and rape in the first degree. We affirm.

We reject the defendant Moreno's contention that his warrantless arrest was premised on less than probable cause. It is well settled that a police officer may arrest a person without a warrant when he possesses probable cause to believe that such a person has committed a crime *(see, People v Johnson,* 66 NY2d 398, 402; *People v Pedreira,* 143 AD2d 778, 779). The

record reveals that the victims provided a detailed description of Moreno's appearance, thereby supplying the arresting officers with probable cause to believe that Moreno, who was arrested as he hid in Cespedes' automobile, was one of the perpetrators of the crimes.

The record supports the hearing court's conclusion that neither the lineup nor the photo array displayed to one of the victims was impermissibly suggestive. In any event, and as the hearing court found, there existed an independent basis supporting the victim's identification inasmuch as she had ample opportunity to observe her assailants in a well-lighted apartment during the commission of the crime *(see, e.g., People v Smalls,* 112 AD2d 173). Contrary to the defendant Moreno's contentions, the court properly exercised its discretion in denying his motion for a separate trial. Where, as here, proof against the defendants is furnished by the same evidence, only the most compelling reasons warrant the granting of a motion for a separate trial *(see, People v Anfossi,* 125 AD2d 317; *see also, People v Bornholdt,* 33 NY2d 75, 87, *cert denied sub nom. Victory v New York,* 416 US 905). Under the circumstances, the defense counsel's conclusory assertions—refuted by the record—that there had been "no definite identification" of the defendant Moreno failed to establish defendant's entitlement to a separate trial *(see, People v Gonzalez,* 137 AD2d 558; *People v Larkin,* 135 AD2d 834, 835).

In light of the violent nature of the crimes committed, the sentences imposed were not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendants' remaining contentions, including those raised in the defendant Moreno's supplemental *pro se* brief, and find them to be without merit. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.