■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHEUNG TUNG, Appellant. [610 NYS2d 309] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered September 23, 1991, convicting him of robbery in the first degree (three counts), robbery in the second degree (three counts), burglary in the first degree, grand larceny in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's contention that his warrantless arrest was premised on less than probable cause is without merit. It is well settled that a police officer may arrest a person without a warrant when he possesses probable cause to believe that such a person has committed a crime *(see, People v Johnson,* 66 NY2d 398, 402; *People v Pedreira,* 143 AD2d 778). Here, the defendant matched a detailed description provided by the victim and was in the company of a codefendant who had been identified by the victim in a photo array. Thus, the police

had probable cause to arrest the defendant *(see, People v Cespedes,* 154 AD2d 701; *People v Monson,* 151 AD2d 615).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have reviewed the defendant's remaining contention and find it to be without merit. Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.