■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNE C. BENSON, Appellant. [614 NYS2d 808] —Yesawich Jr., J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered September 1, 1992, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree (two counts) and robbery in the second degree.

Defendant, convicted, *inter alia,* of rape in the first degree and sodomy in the first degree for having used force and threats to compel the victim to engage in sexual acts with a codefendant, contends that County Court erred in denying her application to present the expert testimony of an "addictionologist", who would have explained that the ingestion of crack

cocaine vastly diminishes the outward signs of intoxication caused by alcohol and also produces the possibility of hallucinations. According to defendant, this testimony, coupled with that of the emergency room personnel, who claimed the victim did not appear intoxicated the morning after the incident, would have cast doubt on the victim's representation that she had not ingested cocaine with defendant, or, for that matter, at any other time. Assertedly, this, in turn, would have lent support to defendant's claim that she, the victim and a codefendant had been smoking crack together that evening and that the victim has simply fantasized the alleged crimes.

The admission of expert testimony is ordinarily a matter committed to the sound discretion of the trial court *(see, People v Keindl,* 68 NY2d 410, 422; *People v Neer,* 129 AD2d 829, 830, *lv denied* 70 NY2d 652). That discretion was not abused here. Even if defendant's assertion that the victim, while intoxicated, ingested crack cocaine on the night in question is fully credited—it is noteworthy that defendant's statements in this regard are not supported by her previous, out-of-court statement, or by any other evidence—expert opinion regarding the effects of that ingestion would nevertheless have been merely speculative, for it was not established that the victim had ingested a particular amount of either crack cocaine or alcohol, or, if she had, at what time she had done so *(see, People v Donohue,* 123 AD2d 77, 80, *lv denied* 69 NY2d 879).

In view of the brutality of the crime and defendant's significant criminal record, we do not find the 27½ to 55-year indeterminate prison sentence she received, upon conviction of four serious and violent felonies, to be harsh or excessive.

Mikoll, J. P., Mercure, White and Casey, JJ., concur. Ordered that the judgment is affirmed.