■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY GIANNATTASIO, Appellant. [653 NYS2d 862] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered June 7, 1993, convicting him of robbery in the third degree, criminal possession of a controlled substance in the seventh degree, and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that his trial counsel's failure to request an intoxication charge constituted ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that under the particular facts of his case he was denied "meaningful representation" *(People v Rivera,* 71 NY2d 705, 709; *People v Baldi,* 54 NY2d 137, 146). While an intoxication charge should be given if there is sufficient evidence of intoxication in the record for a reasonable person to entertain a doubt as to the element of intent on that basis *(see, People v Perry,* 61 NY2d 849; *People v Rodriguez,* 76 NY2d 918), the evidence of intoxication at bar was insufficient to warrant such a charge *(see, People v Gaines,* 83 NY2d 925; *People v Watson,* 205 AD2d 398). Accordingly, the defendant was not denied the effective assistance of counsel. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.