THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE SPAULDING, Appellant. [705 NYS2d 392] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Braun, J.), rendered June 28, 1996, convicting him of robbery in the first degree and unlawful imprisonment in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant entered the complainant's home without permission, brandished a gun, robbed him of money and jewelry, and bound and gagged him before leaving. The complainant recognized the defendant as one who had done some work in his home a few years earlier, and provided the police with a business card that led to the defendant's arrest. The complainant identified the defendant as the individual

who had robbed him after being shown a single photograph taken after his arrest.

The defendant's contention that he was arrested without probable cause is without merit. The report of an identified citizen with firsthand knowledge of criminal activity supports a finding of probable cause (*see, People v Lee,* 229 AD2d 504).

According to the testimony at the suppression hearing, the complainant had known the defendant for several years prior to this incident, and provided a detailed description of him to the police; therefore, the procedure used to identify defendant was merely confirmatory (*see, People v Cortorreal,* 226 AD2d 737; *People v Archie,* 200 AD2d 676).

The defendant's contention that the evidence introduced at trial was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review. In any event, viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see, People v Contes,* 60 NY2d 620). Moreover, the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Joy, J. P., Altman, Goldstein and H. Miller, JJ., concur.