fendant from a judgment of the Supreme Court, Kings County (Irizarry, J.), rendered July 28, 1997, convicting him of criminal sale of a controlled substance in or near school grounds and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Ritter, Krausman and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GARCIA, Appellant. [708 NYS2d 300] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered September 22, 1994, convicting him of murder in the second degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict finding the defendant guilty of murder in the second degree was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, an intoxication charge was not warranted since there was insufficient evidence of intoxication for a reasonable person to entertain a doubt as to the element of intent on that basis (*see, People v Rodriguez,* 76 NY2d 918, 920; *People v Perry,* 61 NY2d 849; *People v Giannattasio,* 235 AD2d 548).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Altman, Friedmann and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUO FAI LIU, Also Known as LIU GUO FA, Appellant. [706 NYS2d 478] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered August 19, 1997, convicting him of kidnapping in the first degree (three