■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REUBEN AVENT, Appellant. [813 NYS2d 786]—

Appeal by the defendant from a judgment of the County Court, Rockland County (Resnik, J.), rendered October 23, 2001, convicting him of robbery in the first degree (two counts), robbery in the second degree (four counts), assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the photo array from which an eyewitness identified him was not unduly suggestive. The participants in the photo array were similar enough to the defendant in age and general appearance that there was little likelihood he would be singled out for identification based on particular characteristics (*see People v Ragunauth,* 24 AD3d 472 [2005], *lv denied* 6 NY3d 779 [2006]; *People v Maffei,* 13 AD3d 394 [2004]; *People v Wright,* 297 AD2d 391 [2002]; *People v Price,* 256 AD2d 596 [1998]). Moreover, the hearing testimony established that the eyewitness was sufficiently familiar with the defendant that his photographic identification was confirmatory (*see People v Lima,* 2 AD3d 754 [2003]; *People v Jones,* 286 AD2d 511 [2001]; *People v Rodriguez,* 282 AD2d 693 [2001]; *People v Spaulding,* 271 AD2d 463 [2000]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Prudenti, P.J., Santucci, Krausman and Dillon, JJ., concur.