■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS SIRICO, Appellant. [888 NYS2d 544]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered January 9, 2007, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that he was deprived of a fair trial when the County Court permitted the prosecutor to introduce evidence of a prior bad act. Any error in admitting this evidence was harmless because the evidence of the defendant's guilt was overwhelming and there is no significant probability that, had it not been for the alleged error, the jury would have acquitted the defendant (see People v Jackson, 8 NY3d 869, 871 [2007]; People v Crimmins, 36 NY2d 230 [1975]).

Viewing the intoxication evidence in the light most favorable to the defendant, the County Court properly denied the defendant's request for an intoxication charge (see People v

*Gaines,* 83 NY2d 925, 927 [1994]; *People v Farnsworth,* 65 NY2d 734, 735 [1985]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Thompson,* 60 NY2d 513, 519 [1983]; *People v Suitte,* 90 AD2d 80 [1982]). Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.