THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN VALDEZ, Appellant. [893 NYS2d 527]—

Defendant challenges the sufficiency of the evidence supporting his conviction of attempted gang assault in the first degree. However, we reject that claim. In particular, there was legally sufficient evidence to establish that two or more other persons actually present aided defendant in his attack on the victim, rather than committing a separate, subsequent assault (see People v Santos, 14 AD3d 411, 412 [2005], lv denied 4 NY3d 856 [2005]).

While defendant sufficiently preserved his hearsay argument concerning a police officer's testimony that several passersby told him defendant stabbed the victim (see People v Rosen, 81 NY2d 237, 245 [1993]), the argument is unavailing. The trial court providently exercised its discretion in admitting this testimony for the legitimate nonhearsay purpose of completing the narrative and explaining why the officer approached and arrested defendant (People v Tosca, 98 NY2d 660, 661 [2002]), particularly since defense counsel's opening statement raised an

issue about whether the police had any basis for arresting defendant. Defendant failed to preserve his arguments that the testimony could have been presented in a "less prejudicial manner" and that the court should have provided a limiting instruction, and we decline to review them in the interest of justice.

Defendant's ineffective assistance of counsel claims primarily involve matters outside the record concerning counsel's strategic decisions and are thus unreviewable on direct appeal (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 714 [1998]; *see also Strickland v Washington*, 466 US 668, 691-692 [1984]). Nothing in the record suggests that trial counsel should have pursued an intoxication defense (*see People v Robetoy*, 48 AD3d 881, 882 [2008]; *People v Giannattasio*, 235 AD2d 548 [1997], *lv denied* 89 NY2d 1093 [1997]). Furthermore, since counsel chose an "all or nothing" defense tactic of seeking an acquittal on all charges based upon alleged lack of proof that defendant stabbed the victim, counsel's failure to request a justification charge was not ineffective (*see People v Castano*, 236 AD2d 215 [1997], *lv denied* 89 NY2d 1033 [1997]).

Defendant's other contentions, including his remaining pro se claims, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits, except we find that it was inappropriate for the prosecutor to suggest on summation that defendant's brother's presence in the courtroom may have been a device to confuse the witnesses. However, this isolated remark was not egregious (*compare People v Alicea*, 37 NY2d 601 [1975]), and we find it to be harmless error (*see People v D'Alessandro*, 184 AD2d 114, 120 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Saxe, J.P., Catterson, Moskowitz, DeGrasse and Abdus-Salaam, JJ.