■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENATO ALBANESE, Appellant. [922 NYS2d 813]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered October 6, 2009, convicting him of burglary in the second degree, criminal mischief in the fourth degree, and attempted petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of bur-

glary in the second degree beyond a reasonable doubt (*see* Penal Law § 140.25 [2]; *People v Ehikhamenor*, 72 AD3d 700 [2010]; *People v Diaz*, 53 AD3d 504, 505 [2008]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The County Court did not improvidently exercise its discretion in precluding the defendant's expert from testifying regarding the potential effects of the combined use of alcohol and prescription medicine because that proposed testimony was not supported by evidence in the record (*see People v Casper*, 42 AD3d 887, 889 [2007]; *People v Benson*, 206 AD2d 674, 675 [1994]; *see generally People v Cronin*, 60 NY2d 430, 432-433 [1983]).

Contrary to the defendant's contention, the County Court did not err in refusing to give an intoxication charge to the jury (*see* Penal Law § 15.25). Viewing the intoxication evidence in the light most favorable to the defendant (*see People v Gaines*, 83 NY2d 925, 927 [1994]), it was insufficient to allow a reasonable person to entertain a doubt as to the element of intent (*id.*; *see People v Brown*, 73 AD3d 940, 940-941 [2010]; *People v Garcia*, 271 AD2d 695 [2000]; *People v Giannattasio*, 235 AD2d 548 [1997]).

The defendant's contention that he was deprived of his right to effective assistance of counsel is, in part, based on matter dehors the record and, to that extent, it may not be reviewed on direct appeal (*see People v Ramos*, 77 AD3d 773, 775 [2010]). Insofar as the record permits review of the claim, we find that defense counsel provided meaningful representation (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Covello, J.P., Eng, Chambers and Miller, JJ., concur.