THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ODDONE, Appellant. [932 NYS2d 149]—

On August 6, 2008, during ladies' night at the Publick House, a Southampton brewery restaurant, the defendant and a woman were dancing on top of a table. Andrew Reister (hereinafter the victim), a bouncer, asked the defendant to get off the table. After the defendant ignored the victim's request, the victim either pulled or pushed the defendant off the table and both men ended up on the floor. During the scuffle that ensued, the defendant got behind the victim and placed him in a hold which witnesses described as a chokehold or headlock. The defendant maintained this hold on the victim even after they fell to the ground despite efforts by bystanders to break his hold and pleas from people in the crowd that he should stop. When he was finally released,

the victim fell flat on his face and did not appear to be moving. The incident ended when the defendant released the victim, got up, and quickly left the building. After the defendant fled, several people rushed to the victim's aid. He had no pulse. Although the victim was eventually resuscitated at Southampton Hospital, he was declared brain dead two days later. The victim did not die of asphyxiation. He died of a cardiac arrest resulting from overstimulation of his carotid sinus. After a lengthy trial and nine days of deliberation, a jury found the defendant guilty of manslaughter in the first degree.

The defendant's contention that the People failed to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of manslaughter in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [ 2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The County Court properly denied, without a hearing, the defendant's application to strike the testimony of the People's forensic pathologist regarding the presence of small hemorrhages called petechiae on the outside surface of the victim's eyelids and the fact that the victim's face turned purple immediately after the incident. New York courts evaluate the admissibility of expert testimony under the *Frye* test (*see Frye v United States*, 293 F 1013 [1923]; *People v Wernick*, 89 NY2d 111 [1996]; *Parker v Mobil Oil Corp.*, 7 NY3d 434 [2006]), pursuant to which such testimony must be based on principles that are generally accepted in the relevant scientific community (*see People v LeGrand*, 8 NY3d 449 [2007]; *People v Wernick*, 89 NY2d at 111; *People v Wesley*, 83 NY2d 417 [1994]). However, it is well settled that there is no basis for a *Frye* hearing where the challenge is to the reliability of the expert's conclusions. *Frye* is only implicated where a question as to whether the expert's methodologies or deductions are based upon principles that are

sufficiently established to have gained general acceptance as reliable (*see Ellis v Eng*, 70 AD3d 887 [2010]; *Lipschitz v Stein*, 65 AD3d 573, 576 [2009]; *Alston v Sunharbor Manor, LLC*, 48 AD3d 600 [2008]). Here, the County Court properly determined that *Frye* was inapplicable to the expert's testimony. The expert testified and made conclusions based on his personal observations and experiences as a forensic pathologist for many years. The defendant's factual disagreement with the expert's theory regarding the cause of the petechiae on the outside surface of the victim's eyelids and the fact that his face turned purple immediately after the incident did not require a *Frye* hearing (*see Lipschitz v Stein*, 65 AD3d 573 [2009]; *Nonnon v City of New York*, 32 AD3d 91 [2006], *affd* 9 NY3d 825 [2007]).

Contrary to the defendant's contention, the County Court did not err in refusing to give an intoxication charge to the jury (*see* Penal Law § 15.25). Viewing the evidence in the light most favorable to the defendant (*see People v Gaines*, 83 NY2d 925, 927 [1994]), we find that there was insufficient evidence presented regarding the quantity of liquor consumed by the defendant and its consequent effects to warrant a charge on intoxication (*id.; see People v Brown*, 73 AD3d 940 [2010]; *People v Sirico*, 66 AD3d 1047 [2009]; *People v Garcia*, 271 AD2d 695 [2000]; *People v Pringle*, 270 AD2d 291 [2000]; *People v Cortez*, 184 AD2d 571 [1992]).

The defendant contends that the People's summation remarks constituted reversible error. However, the challenged comments were either fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105 [1976]), responsive to arguments and theories presented in the defense summation (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Crawford*, 54 AD3d 961 [2008]), or harmless error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Hill*, 286 AD2d 777, 778 [2001]).

The sentence imposed by the County Court, based upon the conviction of manslaughter in the first degree, was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit or do not require reversal. Mastro, J.P., Hall, Lott and Cohen, JJ., concur.