People v Jackson (2019 NY Slip Op 05860)





People v Jackson


2019 NY Slip Op 05860


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


339 KA 16-01980

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TORRENCE JACKSON, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered August 9, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). On appeal, defendant contends that Supreme Court erred in refusing to suppress the drugs found on his person during a search incident to an arrest for unlawful imprisonment. We affirm.
Contrary to defendant's contention, the conduct reported by an identified citizen to his wife via text message, which the wife in turn reported to police, supplied probable cause to believe that defendant—who matched the perpetrator's description and was found driving a vehicle matching the wife's description in the very circumstances alleged by her husband—had committed, at a minimum, unlawful imprisonment in the second degree (Penal Law § 135.05; see e.g. People v Spaulding, 271 AD2d 463, 463-464 [2d Dept 2000], lv denied 95 NY2d 858 [2000]; People v Guo Fai Liu, 271 AD2d 695, 696 [2d Dept 2000], lv denied 95 NY2d 866 [2000]). The record belies defendant's assertion that "[t]here was no way for the court below to determine what information [the husband] provided based on circumstances personally observed and whether [the wife] supplemented those facts [in her 911 call]." We reject defendant's contention that the People were obligated to introduce the text messages and 911 recording at the suppression hearing in order to establish probable cause for defendant's arrest (see People v Parris, 83 NY2d 342, 345-349 [1994]; People v Petralia, 62 NY2d 47, 51-52 [1984], cert denied 469 US 852 [1984]).
Contrary to defendant's further contention, the husband's basis of knowledge was adequately established for purposes of the Aguilar-Spinelli test (see People v Myhand, 120 AD3d 970, 974 [4th Dept 2014], lv denied 25 NY3d 952 [2015]; People v Holmes, 115 AD3d 1179, 1180-1181 [4th Dept 2014], lv denied 23 NY3d 1038 [2014]). Finally, contrary to defendant's contention, because the wife, as an identified citizen, was a reliable source for relaying her husband's first-hand observations of defendant's conduct (see generally Parris, 83 NY2d at 349-350), the extent to which those observations were corroborated by the police before the arrest is irrelevant to the Aguilar-Spinelli analysis (see People v Read, 74 AD3d 1245, 1246 [2d Dept 2010]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court