■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN H. CUNNINGHAM, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County (Vitale, J.), rendered November 23, 1981, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

It was not error to place defendant in a prearraignment lineup despite his representation by an attorney in connection with other unrelated charges pending at the time of his arrest (see, *People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846; *People v Robertson,* 109 AD2d 806). Nor was it error to admit the gun in question into evidence. The robbery victim testified that the gun "looks like" the one held by the perpetrator. The gun was found on the morning after the arrest near the spot where defendant was apprehended. Although the arresting officers did not see defendant drop or throw anything, there was testimony that he was moving his arms and legs about prior to being taken into custody. The gun was therefore sufficiently connected to defendant to be admissible (see, *People v Mirenda,* 23 NY2d 439).

Defendant also contends that, because there was a passenger with him when he was seen by a police officer behind the wheel of the stolen car, it was error to charge the jury that they could infer defendant's guilt from proof of his recent and exclusive possession of the fruits of the crime. There was no objection to the charge and therefore any alleged error is not preserved for appellate review. In any event, interest of justice consideration is inappropriate in this case in view of the overwhelming evidence of guilt. Gibbons, J. P., Thompson, Brown and Eiber, JJ., concur.