■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK MOONEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered May 28, 1985, convicting him of robbery in the first degree, criminal possession of stolen property in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court properly admitted into evidence a $10 bill recovered by the police pursuant to a search of the defendant conducted upon his arrest. The complainant testified that he was "pretty positive" that he had given the defendant a $10 bill during the course of the robbery. The arresting officer noted that he had recovered the bill from the top of the defendant's right front pants pocket, separate from an additional $25 found in the bottom of the pocket. He further stated that he had not lost sight of the defendant from the time he first observed him during the commission of the crime to the time of his arrest several minutes later. The People therefore established the requisite connection between the bill, the robbery, and the complainant to warrant the admission of the bill into evidence *(see, People v Mirenda,* 23 NY2d 439, 452-454).

The admission of a knife discovered in the back seat of the

complainant's car was likewise proper. The complainant testified that he was robbed in his car at knifepoint. He remained at his car after the robbery until the police returned with the defendant. He then locked the doors and closed the windows of the vehicle before accompanying the police to the precinct. When he returned with the officers to the car approximately an hour and a half later, the vehicle was still locked. The officers thereupon opened the car doors and conducted a search of the vehicle, a result of which was the recovery of the knife. The complainant testified that the subject knife was like the one used by the defendant during the robbery. A sufficient connection between the weapon, the robbery and the defendant having been established, the knife was properly admitted into evidence at trial *(see, People v Mirenda, supra; People v Cunningham,* 116 AD2d 585, *lv denied* 67 NY2d 941). The remaining claim asserted by the defendant on appeal is without merit. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.