THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLIN RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered December 9, 1983, convicting him of robbery in the first degree, criminal use of a firearm in the first degree, robbery in the second degree (two counts), criminal use of a firearm in the second degree, criminal possession of a weapon in the second degree and criminal possession of stolen

property in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial (Harrington, J.) of the defendant's motion for a second competency hearing.

Ordered that the judgment is modified, on the law, by reversing the convictions of robbery in the second degree under count four of the indictment and criminal use of a firearm in the first degree under count two of the indictment, vacating the sentences imposed thereon and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant claims that his application for a second competency hearing *(see,* CPL 730.30) only four months after he had been determined competent to stand trial was improperly rejected. While it is generally true that "[o]nce the procedure mandated by CPL article 730 ha[s] been invoked [a] defendant [is] entitled to a full and impartial determination of his mental capacity" *(People v Armlin,* 37 NY2d 167, 172), where, as here, further psychological and psychiatric examinations were ordered by the court as a purely confirmatory measure and nothing contained therein revealed the necessity for another hearing, the application was properly denied. The record reveals that the court listened to defense counsel's argument regarding his client's allegedly deteriorated mental condition, arranged for a prompt reexamination by 2 mental health professionals *(see,* CPL 730.20 [1]), one of whom had examined the defendant in connection with his initial CPL article 730 application, reviewed the reports which concluded that the defendant was fit to proceed to trial, and, observing that the supplementary examinations confirmed in all respects the initial determination of competency, found nothing which would warrant another hearing. Under these circumstances, we perceive no basis upon which to disturb the court's determination *(see, People v Gordon,* 125 AD2d 587, 588; *People v Picozzi,* 106 AD2d 413; *People v Cox,* 93 AD2d 946).

We further find that the People satisfied their burden of proving the defendant's sanity beyond a reasonable doubt *(see,* Penal Law former § 30.05; Penal Law § 25.00; *People v Silver,* 33 NY2d 475). The conflicting expert testimony regarding the defendant's mental capacity presented an issue of credibility primarily for the trier of fact *(see, People v Horton,* 308 NY 1, *rearg denied* 308 NY 748; *People v Jandelli,* 118 AD2d 656, *lv denied* 68 NY2d 668; *People v Buthy,* 38 AD2d 10), and, upon the exercise of our factual review power, we are satisfied that

the finding of criminal responsibility was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's conviction for robbery in the second degree as defined in Penal Law § 160.10 (2) (b) under count four of the indictment must be reversed and that count dismissed inasmuch as it is an inclusory concurrent count of robbery in the first degree as defined in Penal Law § 160.15 (4) *(cf., People v Acevedo,* 40 NY2d 701, 706). Moreover, his conviction for criminal use of a firearm in the first degree (Penal Law § 265.09 [2]) predicated on the commission of first degree robbery (Penal Law § 160.15 [4]), while "technically proper" *(People v Brown,* 67 NY2d 555, 560, *cert denied* 479 US 1093), should not stand. As the Court of Appeals observed in *People v Brown (supra,* at 560). "When use of or display of a firearm is an element of a class B felony, the use or display of that same firearm cannot also be the predicate for criminal display of a firearm in the first degree" *(see, People v Horne,* 121 Misc 2d 389).

Finally, the defendant's contention that his conviction of robbery in the first degree requires the dismissal of the remaining counts is without merit inasmuch as robbery in the second degree as defined in Penal Law § 160.10 (1), criminal use of a firearm in the second degree as defined in Penal Law § 265.08 (2), criminal possession of stolen property in the third degree and criminal possession of a weapon in the second degree are not inclusory concurrent counts of robbery in the first degree as defined in Penal Law § 160.15 (4) *(see,* CPL 300.30 [4]; *People v Brown,* 70 NY2d 857; *People v Glover,* 57 NY2d 61; *People v Green,* 56 NY2d 427; *People v Acevedo, supra; People v Mason,* 128 AD2d 812, *lv denied* 70 NY2d 651). Thompson, J. P., Weinstein, Eiber and Harwood, JJ., concur.