■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

NICHOLAS DEL VALLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered May 1, 1986, convicting him of attempted murder in the second degree, assault in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the warrantless search of the apartment he shared with his girlfriend was illegal because the girlfriend's consent to the entry by the police was coerced. We disagree. Whether consent is voluntary must be determined from all of the relevant circumstances (see, People v Gonzalez, 39 NY2d 122; People v DePace, 127 AD2d 847; People v Richards, 119 AD2d 597). The evidence at the suppression hearing clearly supports the hearing court's determination that the defendant's girlfriend voluntarily and freely consented to the search of the jointly occupied apartment which she rented. The girlfriend was not in custody at any time; she had prior experience with police from earlier arrests of the defendant where she had been present; no guns were drawn; and the officer's inquiries prior to the consent were brief, nonconfrontational and advised her of the right to refuse consent. Significantly, the girlfriend not only consented, but, moments after the search began, directed the police to the food cannister where a gun was concealed.

We also reject the defendant's contention that the gun was improperly admitted in evidence. The complainant testified that the gun "looked familiar" and was similar to the black, small caliber gun that the defendant held close to his face during the shooting. The shooting occurred outside the defendant's apartment, and, after the shooting, the defendant went into his apartment. Subsequently, within a half hour of the shooting, the gun was found in the apartment. Although the evidence did not show that the gun had been recently fired and the bullets which hit the complainant were not available for ballistics comparison, the gun was sufficiently connected to the defendant and the crime to be admissible (see, People v Mirenda, 23 NY2d 439; People v Cunningham, 116 AD2d 585).

Nor do we view as persuasive the defendant's claim that the court abused its discretion in refusing to excuse a juror, who during deliberation indicated that the jury room was too confining. After extensive questioning of the juror the jury

was relocated to a larger room where deliberations continued uneventfully until the jury was sequestered for the night. At that time, the juror indicated that deliberations were "more relaxed" and his problem was resolved. Although the next morning's deliberations were resumed in a smaller room, the juror indicated that he was "all right". Under these circumstances, we cannot conclude that the juror possessed a state of mind which was likely to prevent the rendering of an impartial verdict or that the juror "was grossly unqualified" *(see, People v Rodriguez,* 71 NY2d 214; *People v Buford,* 69 NY2d 290; *People v Molette,* 129 AD2d 651).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.