■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS V. MONTES, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Scarpino, J.), rendered October 26, 1990.

Ordered that the appeal is dismissed *(see, People v Seaberg,* 74 NY2d 1). Mangano, P. J., Rosenblatt, Lawrence and Copertino, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY MOON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered September 26, 1990, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the in-court identification made by the undercover officer to whom the defendant had sold one vial of crack-cocaine should have been suppressed because the People failed to give the defense notice, pursuant to CPL 710.30 (1) (b), that the undercover officer had seen a picture of the defendant when he checked the defendant's police file for completeness two or three days after the arrest, and again prior to his Grand Jury testimony. We disagree.

The inadvertent observations of the defendant's picture do not come within the purview of having "previously identified" the defendant within the meaning of the statute *(see, People v Gissendanner,* 48 NY2d 543, 551-552; CPL 710.30 [1] [b]).

We have examined the defendant's remaining contentions and find them to be either without merit, or, to the extent that any error may exist, we find it to be harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). Balletta, J. P., Miller, Ritter and Copertino, JJ., concur.