■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN ROSS, Appellant. [619 NYS2d 321] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered December 23, 1991, convicting him of criminal possession of a controlled substance in the third degree (two counts) and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied the effective assistance of trial counsel is without merit. The record establishes that his counsel demonstrated reasonable competence during both the pretrial proceedings and the trial (see, People v Baldi, 54 NY2d 137). The mere fact that an alternate defense existed which might ultimately have proved more persuasive than the strategy actually employed by counsel does not necessitate a finding of ineffectiveness, inasmuch as undue significance must not be accorded to hindsight analysis (see, People v Satterfield, 66 NY2d 796). Moreover, the fact that the codefendant's counsel played a more active role in the trial than the defendant's counsel is not indicative of ineffectiveness, since the codefendant's counsel was the first attorney to conduct cross-examination and to deliver a summation, and little would have been added to the case by any greater participation on the part of the defendant's counsel (see, People v Bossett, 157 AD2d 734).

The defendant's contention that alleged errors in the jury charge deprived him of a fair trial is unpreserved for appellate review, inasmuch as the defendant took no exception to the charge as given (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245). In any event, the charge as a whole adequately conveyed to the jury the appropriate standard to be

applied in reaching a verdict *(see, People v Canty,* 60 NY2d 830). Sullivan, J. P., Balletta, Joy and Altman, JJ., concur.