■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ANDINO, Appellant. [619 NYS2d 31] —Judgment, Supreme Court, Bronx County (Max Sayah, J.), rendered May 11, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

It is undisputed that, in the absence of defendant, the trial court informed counsel that it would conduct a *Sandoval* hearing only in the presence of defendant if defendant chose to testify. Defendant did not pursue his request for the trial court to conduct a *Sandoval* hearing, on the single conviction involved before he testified. Under these circumstances, we find that defendant's right to be present at all material stages of the trial was not violated.

Before the jury began its second day of deliberations, the trial court found that one of the jurors could no longer

continue to deliberate, since she required treatment for back spasms. Before discharging that juror, the trial court ascertained from the foreman, in the presence of the entire jury, that the jury had reached a partial verdict. Polling the jury, at the request of defense counsel, every juror, including the disabled juror, separately acknowledged that they had found defendant guilty of criminal sale of a controlled substance in the third degree. Further, in answer to the trial court's inquiry, the foreman stated that the jury had reached that partial verdict before they had stopped deliberating on the preceding day. Thereafter, the trial court declared a mistrial as to the remaining two counts, and discharged the jury. Based upon these facts, we reject defendant's claim that the trial court erred when it accepted a partial verdict (see, CPL 310.70). Concur—Ellerin, J. P., Wallach, Ross and Williams, JJ.