■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent-Appellant, v LEROY HAYES, Appellant-Respondent. [645 NYS2d 492]

In explaining his reasons for peremptorily challenging a particular juror, the defense counsel made reference to what he apparently saw to be a pattern of racial discrimination in the prosecution's use of its peremptory challenges. The record therefore indicates that the defense counsel's challenge to the juror in question was a response to what he believed to be racially-motivated challenges by the prosecution, and the Supreme Court properly denied the challenge (see, People v Chambers, 80 NY2d 519, 530; People v Mondello, 191 AD2d 462, 463).

The Supreme Court erred in setting aside the verdict on the count charging robbery in the second degree. Contrary to the court's reasoning, robbery in the second degree as defined in Penal Law § 160.10 (1) is not an inclusory concurrent count of robbery in the first degree as defined in Penal Law § 160.15 (4) (see, CPL 300.30 [4]; Penal Law § 160.10 [1]; § 160.15 [3]; People v Rodriguez, 141 AD2d 573; People v Zada, 82 AD2d 926).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Copertino, Santucci and Altman, JJ., concur.