■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE NEVERSON, Appellant. [667 NYS2d 945] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered November 29, 1993, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim of ineffective assistance of counsel is unavailing, as he has not demonstrated that he was provided less than meaningful representation (*see, People v Flores*, 84 NY2d 184, 187). His complaints about his counsel's representation are nothing more than disagreements after the trial "with strategies, tactics or the scope of possible cross-examination"

(*People v Flores, supra*, at 187; *People v Baldi*, 54 NY2d 137). The defendant's trial counsel did, in fact, assert his right to be present during jury selection pursuant to *People v Antommarchi* (80 NY2d 247), but that right does not extend to sidebar conferences concerning the inability of prospective jurors to serve because of physical impairments, family obligations, or work commitments (*see, People v Camacho*, 90 NY2d 558; *People v Vargas*, 88 NY2d 363, 375; *People v Velasco*, 77 NY2d 469, 472-473).

The defendant's claim that the prosecutor's failure to disclose a witness's prior statement on an audio tape of a call to the 911 emergency number constituted a *Rosario* violation is deemed abandoned, as the defendant indicated at trial that he did not want the tape, and neither objected nor requested a sanction when the People could not produce it (*see, People v Kane*, 85 NY2d 1024, 1027; *People v Rogelio*, 79 NY2d 843).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's sentence is not excessive (*see, People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Miller, J. P., Sullivan, Pizzuto and Florio, JJ., concur.