■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DAVIS, Appellant. [708 NYS2d 119] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Perone, J.), rendered May 1, 1998, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the fifth degree, criminal use of drug paraphernalia in the second degree, endangering the welfare of a child, aggravated unlicensed operation of a motor vehicle, speeding in violation of Vehicle and Traffic Law § 1180, and failure to use a child

safety seat in violation of Vehicle and Traffic Law § 1229-c, upon a jury verdict, and imposing sentence. On the appeal, the defendant seeks to review the denial, after a hearing, of that branch of his omnibus motion which was to suppress statements he made to law enforcement officials.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that the trial court erred in accepting the prosecutor's explanations for challenges to two black prospective jurors and one Hispanic prospective juror. While a trial court is generally in the best position to evaluate whether a racially-neutral explanation for the exercise of a peremptory challenge is pretextual (*see, Hernandez v New York,* 500 US 352; *People v Dixon,* 202 AD2d 12), we find that the prosecutor's explanation for striking one of these jurors, i.e., that she had only a high school education, was pretextual under the circumstances of this case. Accordingly, the defendant is entitled to a new trial.

The defendant's argument with respect to the suppression determination is not preserved for appellate review (*see, People v Turriago,* 90 NY2d 77; *People v Fung,* 227 AD2d 173; *People v Lopez,* 212 AD2d 549). Ritter, J. P., Joy, S. Miller and H. Miller, JJ., concur.