(November 21, 2001)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY RUGER, Also Known as TERRY CARKNER, Appellant. [732 NYS2d 727] —Mugglin, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered May 21, 1999, upon a verdict convicting defendant of the crime of cruelty to animals.

Following conviction of cruelty to animals, defendant was

sentenced to a jail term of one year. The relevant facts underlying defendant's conviction can be found in our decision concerning her codefendant (*People v Van Guilder*, 282 AD2d 773, *lv denied* 96 NY2d 836). On appeal, defendant contends that she was denied a fair trial due to prejudicial media attention, the sentence imposed was harsh and excessive and she was denied the effective assistance of counsel.

First, we find unpersuasive defendant's argument that she did not receive a fair trial as the result of pretrial publicity. Defendant sought neither a change of venue nor an adjournment of the trial because of pretrial publicity (*see, People v Harris*, 84 AD2d 63, 100, *affd* 57 NY2d 335, *cert denied* 460 US 1047). Additionally, our review of the record persuades us that County Court conducted an adequate inquiry of the prospective jurors concerning the effect, if any, that pretrial publicity would have on their ability to fairly and impartially judge the evidence and render a verdict. Moreover, defendant willingly and voluntarily participated in the pretrial publicity by giving a statement to the media concerning the incident which formed the basis for the charge.

Second, we find unpersuasive defendant's contention that she was denied the effective assistance of counsel since her attorney neither sought a severance nor moved for a mistrial based upon County Court's lack of impartiality. We find no support in the record that defendant's ability to receive a fair trial was diminished by the conduct of County Court. " '[S]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met' " (*People v Benevento*, 91 NY2d 708, 712, quoting *People v Baldi*, 54 NY2d 137, 147). Notably, defendant has proffered no evidence that she suffered prejudice or that her ability to obtain a fair trial was impacted by the lack of a severance or that such a motion would have been successful. Moreover, under the circumstances of this case, the failure to seek a severance reflects a reasoned determination of counsel that the true responsibility for the dog lay with the codefendant, its owner. Although this tactic was unsuccessful, it does not equate to ineffective assistance of counsel (*see, People v Perez*, 133 AD2d 856).

Finally, we agree with defendant's contention that the one-year jail sentence was harsh and excessive. Ordinarily, we refrain from exercising our power to modify a sentence unless the sentencing court abused its discretion or extraordinary circumstances exist warranting such a modification (*see, People v*

*Dolphy*, 257 AD2d 681, 685, *lv denied* 93 NY2d 872; *People v McGrath*, 256 AD2d 639). Here, we are persuaded that imposition of the maximum sentence allowable was an abuse of discretion as it does not reflect that County Court gave appropriate consideration to the nature and circumstances of both defendant and the crime (*see, People v Pedraza*, 66 NY2d 626, 627). This mother of five has no prior criminal record. Moreover, as reflected by the proposed plea bargain, the People would have accepted a lesser sentence and the presentence report recommended a lesser sentence involving no incarceration. In light of these factors, we conclude that the sentence should be modified and its term reduced to 60 days in jail.

Mercure, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed to a term of 60 days in jail; and, as so modified, affirmed.