■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SURNARINE PERSAD, Appellant. [760 NYS2d 673] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered January 10, 2001, convicting him of assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court providently exercised its discretion in denying the defendant's request, made on the eve of trial, for an adjournment to seek new counsel. The defendant was afforded a reasonable opportunity to retain counsel of his own choosing before trial (*see People v Arroyave,* 49 NY2d 264, 271 [1980]; *People v Gloster,* 175 AD2d 258, 259 [1991]).

Although during the first round of jury voir dire the Supreme Court conducted sidebars with 27 prospective jurors in the defendant's absence, his right to be present pursuant to *People v Antommarchi* (80 NY2d 247 [1992]), was not violated. Of the 27 jurors interviewed, all but one discussed merely personal problems (*see People v Camacho,* 90 NY2d 558, 561 [1997]). The one whose partiality was the subject of concern because her daughter was the victim of a crime at gunpoint was excused for cause with the consent of both attorneys. Since the defendant would not have been able to make any contribution to this process had he attended the sidebar, his absence does not require reversal (*see People v Maher,* 89 NY2d 318, 325 [1996]; *People v Vargas,* 88 NY2d 363, 378 [1996]; *People v Roman,* 88 NY2d 18, 28 [1996]; *People v Landry,* 258 AD2d 475 [1999]; *People v Neverson,* 247 AD2d 492, 493 [1998]).

With respect to subsequent rounds of jury voir dire, the defendant executed a written waiver of his statutory right to attend sidebars with prospective jurors. Though we need not decide whether this waiver retroactively covered the first round of voir dire, we note that he raised no objection to the failure to include him in the earlier sidebars (*cf. People v Inskeep,* 272 AD2d 966 [2000]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his pro se brief, either are unpreserved for appellate review or without merit. Feuerstein, J.P., S. Miller, McGinity and Crane, JJ., concur.