The People of the State of New York, Respondent, v Manuel Alvarenga, Appellant. [806 NYS2d 416]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Farneti, J.), rendered April 9, 2002, convicting him of gang assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not denied the effective assistance of counsel when his trial attorney did not move for a severance of his trial from that of his codefendants (*see People v McNerney,* 6 AD3d 1107 [2004]; *People v Ruger,* 288 AD2d 686, 687 [2001]; *People v Jefferson,* 156 AD2d 716 [1989]). Nor does the defendant's disagreement with his trial counsel's tactics on cross-examination render the representation less than meaningful (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *see also People v Taylor,* 1 NY3d 174 [2003]; *People v Ellis,* 81 NY2d 854 [1993]; *People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Caban,* 4 AD3d 274, 282 [2004], *affd* 5 NY3d 143 [2005]; *People v Neverson,* 247 AD2d 492, 492-493 [1998]).

The identification of the defendant by two witnesses at the crime scene shortly after the attack upon the complainant was not orchestrated by the police, but instead arose through mere happenstance. Thus, the People were not required to provide the defendant with notice that they intended to call those witnesses to testify at trial (*see* CPL 710.30; *People v Gissendanner,* 48 NY2d 543, 551-552 [1979]; *People v Southerland,* 288 AD2d 497 [2001]; *People v Richardson,* 212 AD2d 743 [1995]; *People v Overton,* 192 AD2d 624 [1993]; *People v Moon,* 180 AD2d 652 [1992]; *People v Ravenell,* 179 AD2d 788 [1992]; *cf. People v Bello,* 219 AD2d 657 [1995]).

The defendant's argument that the trial court erred in admitting into evidence a baseball bat recovered from the trunk of a car he was driving when he was apprehended is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Turriago,* 90 NY2d 77 [1997]; *People v Davis,* 272 AD2d 339 [2000]). In any event, the contention is without merit as the bat was sufficiently connected to both the defendant and the attack upon the complainant (*see People v Mirenda,* 23 NY2d 439, 452-454 [1969]; *People v Andino,* 243 AD2d 718 [1997]; *People v Sandy,* 187 AD2d 466 [1992]; *People v Del Valle,* 149 AD2d 610 [1989]; *People v Dinkins,* 139 AD2d 759, 760 [1988]; *People v Mooney,*

135 AD2d 578 [1987]; *People v Cunningham*, 116 AD2d 585 [1986]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Santucci, Mastro and Rivera, JJ., concur.