■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN DOTSON, Appellant. [815 NYS2d 581]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered October 16, 2003, convicting defendant, after a jury trial, of burglary in the first degree, robbery in the first degree (two counts), attempted robbery in the first degree, assault in the first degree, criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree (two counts), and sentencing him, as a second felony offender, to an aggregate term of 15 years, unanimously affirmed.

The court properly denied defendant's motion to preclude identification testimony for lack of CPL 710.30 (1) (b) notice. The day before her trial testimony, a witness revealed to the trial prosecutor that she had recognized defendant at a showup immediately after his arrest, but that she had remained silent due to fear. When the witness testified about her prior recognition of defendant, defense counsel made a preclusion motion and the prosecutor disclosed what the witness had revealed the day before in trial preparation. The court reopened the *Wade* hearing that it had previously conducted with respect to another witness who had viewed the showup, but defense counsel declined to participate, insisting instead upon preclusion. We conclude that there was no basis for preclusion. The silent recognition at the showup was not an identification, because the witness did not identify anybody (*People v Trammel*, 84 NY2d 584 [1994]). The pretrial revelation was not an identification, because the witness did not, at that time, view defendant or his likeness in any form. To the extent that defendant is arguing that the prosecutor was obligated to serve, or seek leave (*see* CPL 710.30 [2]) to serve notice at some point between her conversation with the witness and the witness's testimony, we reject that argument. Moreover, the court extended to defendant "all appropriate procedural safeguards, including a second *Wade* hearing" (84 NY2d at 588).

182

The court properly denied defendant's challenge for cause to a panelist who initially expressed a problem with the possibility that some evidence might be excluded. The court responded with an instruction on its role in making evidentiary rulings, and the panelist gave her unequivocal assurance that she would follow that charge (*see People v Johnson*, 94 NY2d 600, 614 [2000]).

The court properly granted the People's reverse-*Batson* application (*Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The record supports the court's finding of pretext. Such a finding, based primarily on the court's assessment of counsel's credibility, is entitled to great deference (*see People v Hernandez*, 75 NY2d 350, 356 [1990], *affd* 500 US 352 [1991]). Concur—Buckley, P.J., Mazzarelli, Saxe, Williams and McGuire, JJ.