█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE TAYLOR, Appellant. [824 NYS2d 278]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered October 16, 2003, convicting defendant, after a jury trial, of burglary in the first degree, robbery in the first degree (two counts), attempted robbery in the first degree,

assault in the first degree and two counts each of criminal possession of a weapon in the second and third degrees, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.

The court properly denied defendant's challenges for cause to two panelists. A panelist who had been the victim of a robbery never evinced a state of mind which would call her impartiality into question (*see People v Arnold*, 96 NY2d 358, 362-363 [2001]), and, in any event, she unequivocally stated that she could be fair (*see People v Chambers*, 97 NY2d 417, 419 [2002]). Defendant's arguments concerning the other venireperson are similar to arguments rejected by this Court on a codefendant's appeal (*People v Dotson*, 30 AD3d 181, 182 [2006], *lv denied* 7 NY3d 788 [2006]), and we see no reason to reach a different result herein.

Defendant did not preserve his claim under *Batson v Kentucky* (476 US 79 [1986]) relating to the prosecutor's peremptory challenges, since the record clearly establishes that only the codefendant made such a claim (*see People v Buckley*, 75 NY2d 843 [1990]), and that defendant did not join in this argument, but only in the codefendant's opposition to the People's reverse-*Batson* application (*see People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). We decline to reach the issue in the interest of justice. Were we to reach the issue, we would find it to be without merit. Defendant's arguments regarding the prosecutor's reverse-*Batson* application are similar to arguments rejected by this Court on the codefendant's appeal (*People v Dotson*, 30 AD3d at 182), and we, once again, see no reason to reach a different result herein.

The court properly denied defendant's motion to suppress two identifications made shortly after the robbery, and in close proximity to its location. One of the identifications was not a police-arranged procedure, but was spontaneously made by an off-duty detective who happened to see defendant and the other perpetrators running from the scene; in any event, this prompt and reliable identification was admissible regardless of whether it was police-arranged (*see e.g. People v Kirkland*, 192 AD2d 414 [1993], *lv denied* 81 NY2d 1075 [1993]; *People v Melette*, 176 AD2d 480 [1991], *lv denied* 79 NY2d 853 [1992]). As to the second identification, the showup was properly conducted under the exigent circumstances present, in close proximity to the time and place of the crime, and was part of an unbroken chain of events (*see People v Duuvon*, 77 NY2d 541, 544-545 [1991]). The manner in which the procedure was conducted was not unduly suggestive, given these circumstances (*see People v Mc-*

*Corkle*, 272 AD2d 273, 274 [2000], *lv denied* 95 NY2d 936 [2000]). In any event, were we to find that any or all of the showup and in-court identification evidence should have been suppressed, we would find such error to be harmless since there was overwhelming evidence of defendant's guilt. Concur— Friedman, J.P., Sullivan, Nardelli, Catterson and McGuire, JJ.