THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE NORMAN, JR., Appellant. [837 NYS2d 277]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marcus, J.), rendered January 11, 2006, convicting him of grand larceny in the third degree, falsifying business records in the first degree, and offering a false instrument for filing in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that the evidence was legally insufficient to establish his guilt because his relationship with his campaign committee was akin to that of a partner, and therefore, he could not be convicted of stealing from his own campaign committee (*see People v Zinke*, 76 NY2d 8, 9 [1990]). The defendant's contention is without merit. The defendant is not a joint or common owner of campaign contributions made to his campaign committee (*see* Election Law §§ 14-130, 14-122; *see also* Penal Law § 155.00 [5]). The evidence, viewed in the light most favorable to the prosecution (*see People v Contes*, 60

NY2d 620, 621 [1983]), was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great weight on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The defendant's contention that the prosecutor engaged in misconduct during summation is unpreserved for appellate review since he either failed to make specific and timely objections, or failed to seek curative instructions or move for a mistrial when his objections were sustained (*see* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953 [1981]; *People v Aponte,* 28 AD3d 672 [2006]; *People v Morris,* 2 AD3d 652 [2003]). In any event, the prosecutor's remarks were either fair comment on the evidence (*cf. People v Ashwal,* 39 NY2d 105, 109 [1976]), fair response to the remarks made by the defense counsel on summation (*see People v Williams,* 37 AD3d 626 [2007]; *People v Irving,* 265 AD2d 575, 575-576 [1999]), or not so egregious as to have denied the defendant a fair trial (*see People v Lawson,* 275 AD2d 721, 722 [2000]; *People v Roopchand,* 107 AD2d 35 [1985], *affd* 65 NY2d 837 [1985]).

The defendant's contention that the refusal of the trial court to grant "use immunity" to a key defense witness deprived him of his constitutional right to compulsory process and due process is unpreserved for appellate review and, in any event, is without merit. The defendant's remaining contentions relating to the denial of his motion for a mistrial and the preclusion of a defense witness's testimony as inadmissible hearsay are without merit. Crane, J.P., Skelos, Covello and Dickerson, JJ., concur.