■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT OLEMAN, Appellant. [836 NYS2d 881]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered June 9, 2005, convicting him of burglary in the second degree (two counts), assault in the second degree, reckless endangerment in the second degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not err in accepting a partial verdict (*see People v Spears*, 276 AD2d 725 [2000]; *People v Andino*, 210 AD2d 28 [1994]). Neither CPL 310.70 nor any other provision of law precludes a trial court's inquiry into whether the jury, after a substantial period of deliberation, has agreed upon a verdict as to any of the counts submitted, and in then accepting a partial verdict (*see People v Spears, supra*; *People v Mendez*, 221 AD2d 162, 163 [1995]). Under the circumstances presented in this case, the trial court properly accepted the partial verdict in light of the fact that there was a medical issue concerning one juror and the jury had deliberated for approximately seven hours over a two-day period (*see People v Brown*, 1 AD3d 147 [2003]; *People v Spears, supra*; *People v Andino, supra*).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Prudenti, P.J., Santucci, Covello and Carni, JJ., concur.