■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAWEL URBANIAK, Appellant. [895 NYS2d 521]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered October 28, 2008, convicting him of robbery in the first degree, robbery in the second degree, assault in the first degree (two counts), and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's request to charge the jury with the defense of justification. Viewed in the light most favorable to the defendant (*see People v Padgett*, 60 NY2d 142, 144 [1983]; *People v Steele*, 26 NY2d 526, 529 [1970]), there was no reasonable view of the evidence under which the defendant was justified in inflicting injuries on the complainant (*see People v Simon*, 56 AD3d 804, 804-805 [2008]; *People v Perry*, 210 AD2d 437, 438 [1994]; *People v Alston*, 104 AD2d 653 [1984]).

The blades and a box cutter, which were recovered from the

defendant's apartment approximately 12 hours after the crime occurred, were sufficiently connected to the defendant and the crime to be admitted into evidence (*see People v Mirenda*, 23 NY2d 439, 452-454 [1969]; *People v Alvarenga*, 25 AD3d 560, 561 [2006]; *People v Del Valle*, 149 AD2d 610, 611 [1989]; *People v Mooney*, 135 AD2d 578, 578-579 [1987]).

The defendant's contention that certain comments made by the prosecutor during summation constituted reversible error is unpreserved for appellate review, as the defendant raised only a general objection to one comment, and failed to raise any objections to the other comments (*see* CPL 470.05 [2]; *People v Philbert*, 60 AD3d 698, 699 [2009]; *People v Norman*, 40 AD3d 1130, 1131 [2007]; *People v Malave*, 7 AD3d 542 [2004]). In any event, the prosecutor's remarks were either fair comment on the evidence, fair response to the defense counsel's summation, or within the broad bounds of rhetorical comment permissible in closing argument (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Norman*, 40 AD3d at 1131; *People v Malave*, 7 AD3d at 542-543).

The defendant's contention that the Supreme Court erred in accepting a partial verdict is unpreserved for appellate review (*see People v Gause*, 38 AD3d 999, 1000-1001 [2007]; *People v Andujar*, 228 AD2d 194 [1996]) and, in any event, is without merit (*see People v Rodriguez*, 52 AD3d 319 [2008]; *People v Oleman*, 41 AD3d 738, 739 [2007]; *People v Middleton*, 18 AD3d 670, 671 [2005]; *People v Spears*, 276 AD2d 725 [2000]; *People v Mendez*, 221 AD2d 162, 163 [1995]).

The defendant's remaining contention is without merit. Fisher, J.P., Florio, Belen and Hall, JJ., concur.