THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO RODRIGUEZ, Appellant. [940 NYS2d 647]—

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel as a result of his trial counsel's failure to move for a severance of his trial from that of his codefendant (*see People v Velez*, 78 AD3d 1522, 1522-1523 [2010]; *People v Alvarenga*, 25 AD3d 560, 561 [2006]; *People v Ruger*, 288 AD2d 686, 687 [2001]). "Nor does the defendant's disagreement with his trial counsel's tactics on cross-examination render the representation less than meaningful" (*People v Alvarenga*, 25 AD3d at 561; *see People v Benevento*, 91 NY2d 708, 712-713 [1998]; *People v Aiken*, 45 NY2d 394, 400 [1978]; *People v DiCarlo*, 293 AD2d 279, 280-281 [2002]). Moreover, the defendant's contention that, during summation, his counsel mischaracterized a witness's testimony is without merit. Viewing the record as a whole, we conclude that the defendant received effective assistance of counsel under both federal and state standards (*see Strickland v Washington*, 466 US 668, 694 [1984]; *People v Caban*, 5 NY3d 143, 152-156 [2005]; *People v Tomlinson*, 67 AD3d 826, 827 [2009]; *People v Ross*, 209 AD2d 730 [1994]).

The defendant's challenge to the sufficiency of the evidence, raised in his pro se supplemental brief, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Further, contrary to the defendant's contention, raised in his pro se supplemental brief, the trial court did not err in refusing to give an intoxication charge to the jury (*see* Penal Law § 15.25). Viewing the intoxication evidence in the light most favorable to the defendant (*see People v Sirico*, 17 NY3d 744, 745 [2011]), we find that it was insufficient to allow a reasonable person to entertain doubt as to the element of intent based on intoxication (*id.*; *see People v Gaines*, 83 NY2d 925, 927 [1994]; *People v Oddone*, 89 AD3d 868 [2011]; *People v Albanese*, 84 AD3d 1107, 1108 [2011]; *People v Brown*, 73 AD3d 940, 940-941 [2010]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Leventhal, Belen and Lott, JJ., concur.