Appeal by the defendant from a resentence of the Supreme Court, Kings County (Brennan, J.), imposed June 4, 2012, upon his conviction of assault in the first degree (two counts) and criminal possession of a weapon in the second degree, the resentence being a period of postrelease supervision in addition to the determinate term of imprisonment previously imposed on October 24, 2000.
Ordered that the resentence is affirmed.
“[A] defendant has the constitutionally guaranteed right to be defended by counsel of his own choosing” (People v Arroyave, 49 NY2d 264, 271 [1980]; see People v Martin, 41 AD3d 616, 616 [2007]; People v Stevenson, 36 AD3d 634, 634 [2007]). However, *968 “this right is qualified in the sense that a defendant may not employ such right as a means to delay judicial proceedings” (People v Arroyave, 49 NY2d at 271). The question of whether a continuance should be granted to afford a defendant the opportunity to retain counsel of his or her choosing is a matter largely within the discretion of the court (see id.). “[Wjhether a defendant has been denied his right to retain counsel of his own choosing can only be answered by examining the particular facts of each case” (id.). Contrary to the defendant’s contention, under the particular circumstances of this case, the Supreme Court providently exercised its discretion in denying the defendant’s request, made as resentencing commenced (see generally id.; People v Allison, 69 AD3d 740, 741 [2010]; People v Campbell, 54 AD3d 959, 959-960 [2008]; People v Goodwine, 46 AD3d 702, 702 [2007]; People v Persad, 306 AD2d 359, 359 [2003]), in effect, for an adjournment to retain private counsel.
“Inasmuch as the defendant had not yet completed serving his originally imposed sentence of imprisonment when he was resentenced, his resentencing to a term including the statutorily required period[s] of postrelease supervision did not violate the double jeopardy and due process clauses of the United States Constitution” (People v Hernandez, 110 AD3d 918, 919 [2013]; see People v Lingle, 16 NY3d 621, 630-632 [2011]; People v Jiggetts, 108 AD3d 641, 641 [2013]; People v Wheeler, 108 AD3d 646, 646 [2013], lv denied 21 NY3d 1078 [2013]; People v Dawkins, 87 AD3d 550, 550 [2011]; People v Harris, 86 AD3d 543, 543-544 [2011]).
The resentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Dickerson, J.E, Hall, Cohen and Miller, JJ., concur.