People v Fowler (2018 NY Slip Op 00436)





People v Fowler


2018 NY Slip Op 00436


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
L. PRISCILLA HALL
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2014-05680
 (Ind. No. 407/13)

[*1]The People of the State of New York, respondent,
v
Tylin L. Fowler, appellant.


Paul Skip Laisure, New York, NY (Elizabeth Plimpton of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Merri Turk Lasky, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered May 20, 2014, convicting him of robbery in the first degree, robbery in the second degree (two counts), and criminal possession of marijuana, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the conviction of robbery in the second degree under count three of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant's contentions that he was deprived of a fair trial by improper remarks made by the prosecutor during her opening statement and summation are unpreserved for appellate review (see CPL 470.05[2]; People v Choi, 137 AD3d 808, 810; People v Norman, 40 AD3d 1130, 1131). In any event, the contentions lack merit, since the majority of the comments alleged to be prejudicial were either fair comment on the evidence and the reasonable inferences to be drawn therefrom or responsive to defense counsel's summation. To the extent that some of the comments made during the prosecutor's opening statements and summation were improper, these errors were not, either singly or in the aggregate, so egregious as to have denied the defendant a fair trial (see People v Choi, 137 AD3d at 810; People v O'Diah, 68 AD3d 788; People v Polin, 63 AD3d 1180; People v Bailey, 54 AD3d 419, 420; People v Norman, 40 AD3d at 1131).
The defendant's contention that the Supreme Court failed to adequately instruct the jury as to reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v Robinson, 88 NY2d 1001, 1001-1002). In any event, the defendant's contention is without merit because the jury instructions, taken as a whole, conveyed the correct standard to be employed with respect to reasonable doubt (see People v Fields, 87 NY2d 821, 823; People v Cutting, 150 AD3d 873, 876; People v Cook, 58 AD2d 946).
The People correctly concede that the defendant's conviction of robbery in the second degree under count three of the indictment must be vacated, and that count of the indictment dismissed, as it is an inclusory concurrent count of robbery in the first degree (see CPL 300.30[4]; [*2]300.40[3][b]; Penal Law §§ 160.10[2][B]; 160.15[4]; People v Miller, 6 NY3d 295, 302; People v Rodriguez, 141 AD2d 573).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., HALL, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court