People v Santana (2018 NY Slip Op 01943)





People v Santana


2018 NY Slip Op 01943


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2015-02231
 (Ind. No. 1741/13)

[*1]The People of the State of New York, respondent,
v
Jeison Santana, appellant.


N. Scott Banks, Hempstead, NY (Tammy Feman and Argun M. Ulgen of counsel),
for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Kevin C. King of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Teresa K. Corrigan, J.), rendered February 25, 2015, adjudicating him a youthful offender, upon a jury verdict finding him guilty of attempted robbery in the second degree and attempted petit larceny, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Meryl J. Berkowitz, J.), of the suppression of showup identification testimony.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the People were not required to provide him with notice of the alleged showup identification testimony of a certain police officer, since the officer did not make an identification of the defendant within the meaning of CPL 710.30 (see People v Gissendanner, 48 NY2d 543, 551-552; People v Dotson, 30 AD3d 181, 181; People v Moon, 180 AD2d 652, 652; cf. People v Pacquette, 25 NY3d 575, 578; People v Boyer, 6 NY3d 427; People v Newball, 76 NY2d 587). Further, contrary to the defendant's contention, the hearing court properly declined to suppress the complainant's showup identification testimony, since the showup took place in close spatial and temporal proximity to the commission of the crime (see People v Johnson, 104 AD3d 705, 706; People v Jacob, 94 AD3d 1142, 1144; People v Gonzalez, 57 AD3d 560, 561; People v Cruz, 31 AD3d 660, 661; People v Rodney, 237 AD2d 541, 541-542) and was not unduly suggestive (see People v Jerry, 126 AD3d 1001, 1002; People v Gonzalez, 57 AD3d at 561; People v Crumble, 43 AD3d 953, 953; People v Grassia, 195 AD2d 607, 607; People v Rowlett, 193 AD2d 768, 768; cf. e.g. People v Adams, 53 NY2d 241, 248-249).
The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492; People v Campbell, 142 AD3d 623, 623-624). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilty was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
RIVERA, J.P., COHEN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court