People v Tebout (2018 NY Slip Op 04010)





People v Tebout


2018 NY Slip Op 04010


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-11621
 (Ind. No. 271/14)

[*1]The People of the State of New York, respondent,
v
Ali Tebout, appellant.


Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Barbara Kahn, J.), rendered October 16, 2015, convicting him of endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court providently exercised its discretion in admitting evidence of the defendant's physical, mental, and verbal abuse of the complainant, of his prior uncharged acts of sexual abuse of the complainant, and of domestic violence perpetrated by the defendant against his wife in front of the other members of the household, which included the complainant. The evidence provided necessary background information as to the relationship between the defendant and the complainant and was relevant to explain why the complainant failed to promptly report the alleged sexual abuse (see People v Gamble, 18 NY3d 386, 398; People v Rabanal, 139 AD3d 758, 758; People v Jean, 127 AD3d 882; People v Hill, 121 AD3d 469; People v Holden, 82 AD3d 1007). The court properly balanced the probative value of the evidence against the potential prejudice to the defendant (see People v Gamble, 18 NY3d at 398; People v Basir, 179 AD2d 662), and gave the appropriate instruction to the jury as to the limited purpose for which the evidence should be considered (see People v Dorm, 12 NY3d 16, 19).
The defendant's contention that the People failed to adduce legally sufficient evidence to prove his guilt beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Danielson, 9 NY3d 342, 349; People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of endangering the welfare of a child beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless afford great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the County Court erred in accepting a partial verdict is unpreserved for appellate review (see People v Urbaniak, 70 AD3d 1056, 1057) and, in any event, without merit (see CPL 310.70[1][a]).
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court