People v Kerr (2018 NY Slip Op 07753)





People v Kerr


2018 NY Slip Op 07753


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-06185
 (Ind. No. 1840/14)

[*1]The People of the State of New York, respondent,
v
Kadeen Kerr, appellant.


Robert DiDio, Kew Gardens, NY (Danielle Muscatello of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Matthew Luongo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered May 11, 2016, convicting him of criminal possession of a weapon in the third degree, criminal possession of a firearm (three counts), endangering the welfare of a child, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination to deny suppression of physical evidence found in the defendant's apartment. At the suppression hearing, the People established that an individual who shared the apartment with the defendant voluntarily granted police officers permission to enter the apartment. "[T]he police may lawfully conduct a warrantless search when they have obtained the voluntary consent of a party who possesses the requisite degree of authority and control over the premises . . . in question" (People v Cosme, 48 NY2d 286, 290; see People v Xochimitl, 147 AD3d 793, 794, affd ____ NY3d ____, 2018 NY Slip Op 06053 [2018]; People v Auxilly, 173 AD2d 627; People v Del Valle, 149 AD2d 610). The defendant's contention that the search was not supported by reasonable suspicion is unpreserved for appellate review (see CPL 470.05[2]; People v Gilyard, 32 AD3d 1046) and, in any event, without merit (see People v Madden, 58 AD3d 1023).
We reject the defendant's contention that the Supreme Court erred in denying summarily his motion to set aside the verdict based upon possible juror misconduct (see People v Davis, 86 AD3d 59, 68; People v Camacho, 293 AD2d 876, 877).
Contrary to the defendant's contention, defense counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 147).
CHAMBERS, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court